CHRIS. GEYER, Appellee, v. S. I. DOUGLASS, *et al.*,
Appellants.

1. **Appeal:** JURISDICTION: ACTION TO SET ASIDE DECREE: AMOUNT IN
CONTROVERSY. Notwithstanding the provisions of section 3173 of
the Code prohibiting appeals to the supreme court in cases involving
less than one hundred dollars, except upon the certificate of the trial
judge to a question of law involved in the cause, an appeal will
lie in an action to set aside a decree in another cause, although the
amount of the judgment in the latter case is less than the sum above
named.

2. ———: NOTICE: SUFFICIENCY. A notice of appeal properly entitled,
and informing the opposite party that the defeated party has
appealed from the "decision and judgment of the district court,"
of a county named, to the supreme court, is sufficiently specific to
designate an appeal from the final judgment in the cause. The term
of the supreme court to which an appeal is taken, being fixed by law,
need not be stated in the notice.

3. **Action to Set Aside Decree:** PRIOR SETTLEMENT: EVIDENCE.
A decree having been entered against the plaintiff enjoining him
from maintaining a liquor nuisance upon certain described premises,
he commenced this action to set aside said decree more than three
years after its rendition, and after contempt proceedings had been
commenced against him for the violation of said injunction, claiming
a settlement of said injunction case, and performance thereof on his
part prior to said decree. Upon the trial the plaintiff testified that
his attorney informed him, in the presence of the judge of the dis-
trict court, that if he paid the costs in said cause there would be
nothing against him, and that the judge said: "Yes, I guess that will
settle it." Neither the attorney nor the judge were called to testify in
regard to the matter, and the attorney for the opposite party denied
making such an agreement. It appeared further that the above con-
versation occurred more than a month after the decree was rendered.
*Held,* that the alleged settlement was not established by the evi-
dence.

4. ———: EVIDENCE: COLLATERAL ATTACK. Upon the final hearing of
the cause in which the decree sought to be set aside was rendered,
no evidence was introduced other than the pleadings and the affi-
davits used upon the application for a temporary injunction, and
these may not have been read by the judge at that time, although
they had previously been read to him. The petition alleged that the
defendant in that action was maintaining a nuisance upon premises

| 85 | 93 |
| 89 | 564 |
| 85 | 93 |
| 91 | 477 |
| 85 | 93 |
| 96 | 468 |
| 99 | 350 |
| 85 | 93 |
| 104 | 385 |
| 85 | 93 |
| 106 | 563 |
| 85 | 93 |
| 109 | 500 |
| 85 | 93 |
| 110 | 323 |
| 85 | 93 |
| 129 | 243 |
| 85 | 93 |
| 133 | 592 |
| 85 | 93 |
| 134 | 756 |
| 85 | 93 |
| f135 | 749 |

"known as the Union Hotel," situated upon certain described city lots. No claim was made in the answer that said nuisance was not being maintained in the entire building, but an amendment to the answer contained a general denial. *Held,* that the use of the affidavits as evidence was competent in the absence of any objection thereto; that upon the record made the court was warranted in making the injunction abating said nuisance operate against the entire building; but that conceding the evidence was insufficient to support the decree, it was not for that reason subject to collateral attack.

5. **Death of Parties Pending Appeal:** SUBSTITUTION. One of the defendants, who was the plaintiff in the action for an injunction wherein said decree was rendered, having died pending the appeal herein, *held,* that either the state or any citizen qualified to have commenced the original action for an injunction might be substituted as defendant in his stead.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FRIDAY, MAY 13, 1892.

ACTION to set aside a decree rendered against the plaintiff, and for general equitable relief. There was a hearing on the merits, and a decree rendered in favor of the plaintiff. The defendants appeal.—*Reversed.*

*Newman & Blake,* for appellants.

*P. Henry Smyth,* for appellee.

ROBINSON, C. J.—The plaintiff is now, and has been since March, 1886, the owner of lots numbered one hundred and seventy-four and one hundred and seventy-five, in the city of Burlington, and of the three-story brick building situated thereon, and known as the "Union Hotel." In the month last named, S. I. Douglass filed in the office of the clerk of the district court of Des Moines county a petition in which he alleged that the plaintiff in this action, Christopher Geyer, was keeping and maintaining upon the lots aforesaid a place for the sale of intoxicating liquor, in

violation of law, in which such liquors were kept for illegal sale. An injunction to restrain Geyer from keeping and maintaining the nuisance, and against the property, was asked. Geyer appeared to the action, and filed objections to the hearing of an application for a temporary injunction and an answer. A temporary injunction was granted. The cause was submitted to the court, and on the thirtieth day of June, 1886, a decree was rendered enjoining the use of the hotel for the illegal sale of intoxicating liquors, and enjoining Geyer from maintaining a place in or upon the premises for such purpose. The decree allowed to Douglass an attorney's fee of fifty dollars and the costs of suit, and provided that upon his demand, or the demand of his attorneys of record, the clerk should issue and deliver to the sheriff a certified copy of the decree, which should authorize the sheriff to execute the provisions of the decree. An execution was issued for the costs, and on the fourth day of August, 1886, Geyer satisfied it by the payment to the sheriff of eighty dollars and twenty-five cents. In April, 1889, Douglass applied to the district court for an order punishing Geyer for a contempt of court in violating the injunction, and on the fifteenth day of that month Geyer was arrested and brought into court. The contempt proceedings have not been disposed of, but are yet pending in the district court. On the twenty-sixth day of August, 1889, the plaintiff commenced this action. He alleges that about the time the decree was rendered negotiations were entered into for a settlement of the cause; that for the purpose of effecting a settlement he proposed to pay the fee of Douglass' attorney, and the costs; that he supposed that his proposition was accepted, and paid the costs; that the decree was rendered in his absence, without his knowledge; that his attorney was not authorized to consent to it; that it was not proven nor admitted that the entire hotel had

been used for illegal purposes; and that the district court had no jurisdiction to grant an injunction against the whole of the property. He made Douglass and his attorneys of record, Newman & Blake, parties defendant, and asks that they be perpetually enjoined from enforcing the decree, and that it be canceled. The district court granted to Geyer the relief demanded.

I. The plaintiff has filed a motion to dismiss the appeal based upon two grounds. The first of these is

1. APPEAL: jurisdiction: action to set aside decree: amount in controversy.

that the amount in controversy, "as shown by the pleadings and the record," is less than the sum of one hundred dollars, and no question of law has been certified by the district judge who tried the cause. The amount in controversy, as shown by the pleadings, determines the jurisdiction of this court; and where it does not affirmatively appear that the amount in controversy is not more than one hundred dollars, exclusive of costs, jurisdiction will be presumed. See *Farley v. Geisheker*, 78 Iowa, 454, and cases therein cited. The controversy in this case relates to the setting aside of a decree enjoining the maintenance of a nuisance, and is not within section 3173 of the Code.

II. The second ground of the motion to dismiss is that the notice of appeal is not sufficiently specific.

2. ———: notice: sufficiency.

The notice was properly entitled, and informed the plaintiff and the clerk that the defendants "have appealed from the decision and judgment of the district court of Des Moines county, Iowa, to the supreme court of Iowa." The use of the word "decision," under the rule announced in *Weiser v. Day*, 77 Iowa, 26, may be regarded as without effect; but the words "and judgment" necessarily referred to the final judgment of the district court, as that was the only one rendered in this case, and were sufficiently specific. The fact that the notice did not specify the term of this court to which the appeal was taken was

not fatal, for the reason that the law fixed the term at which the cause should stand for hearing. *Mickley v. Tomlinson*, 79 Iowa, 385. The motion to dismiss must therefore be overruled.

III. It is claimed by the appellee, and there is evidence which tends to show, that in the final

3. ACTION to set aside decree: prior settlement: evidence.

submission of the cause against him the only evidence introduced was the pleadings and affidavits used on the application for a temporary injunction. He also claims there was no competent evidence on which to base the decree against him; that the saloon was kept in a barroom, which was about twenty feet wide and twenty-five feet long. That there was no ground for entering a decree as against the entire property; and that the decree was entered without jurisdiction, and contrary to the agreement of the parties. The appellee testifies that he met his attorney and the judge of the district court in the presence of the sheriff, on the courthouse steps; that his attorney told him that if he paid the costs there would be nothing against him; that the judge said, "Yes, I guess that will settle it;" that he paid the costs to the sheriff, who told him that settled everything, and there would be nothing against him; that his attorney afterwards told him there was nothing against him after he paid the costs; and that he did not learn of the injunction until April, 1889.

This is the substance of all the evidence given in regard to the alleged agreement of settlement. The judge and attorney, who it is claimed were parties to it, were not called upon to testify as to their recollections in regard to the matter. An attorney for Douglass denied that any settlement of the nature claimed by Geyer had been made, although he stated that there was an agreement with the attorney of Geyer to the effect that, if the latter should immediately vacate and close up the saloon, no writ of abatement should issue.

Whether that agreement was valid need not be determined, as it has not been violated on the part of Douglass. It appears that the conversation relied upon by Geyer took place the day before the costs were paid, but more than a month after the decree was rendered. We are satisfied that he knew of the decree. He closed his saloon in obedience to it, and kept it closed for a considerable time, making no objection to the decree until the contempt proceedings were commenced, and even then waiting several months before making a direct attack upon it. The statement of the judge on which the plaintiff relies was evidently not intended to fix or define the liability of Geyer, and would have been without effect had the intent been as claimed by him. It is manifest that he has wholly failed to establish the agreement on which he relies, or to show any lack of jurisdiction on the part of the court to render a decree against him.

IV. A further objection to the decree is that it was rendered without proof to sustain it, and that it should not, in any event, have operated upon any part of the premises described, excepting that used for saloon purposes.

It appears that at the final hearing the cause was submitted without other evidence than the pleadings and the affidavits used on the application

4. ——: evidence: collateral attack.

for a temporary injunction, and that these may not have been read by the judge at that time, although they had been read to him previously. The petition alleged that Geyer was maintaining a nuisance upon the property described as "the premises known as the 'Union Hotel,' and situated upon lots one hundred and seventy-four and one hundred and seventy-five in the original city of Burlington, Iowa." The original answer alleged that Geyer had fitted up "the building or place situated upon the real estate described in the plaintiff's petition" at an

expense of five thousand dollars, previous to the enactment of the statute under which the action was brought, for the purpose of using it as a place in which to sell beverages then authorized by law; that the premises were of the annual value of two thousand and five hundred dollars; and that the act referred to was in violation of the constitution of the United States, and therefore, void. The answer contained other averments, but nothing to indicate that the business in question was not carried on in the entire building located on the lots described. Subsequently, an amendment to the answer containing a general denial was filed, but nothing included in the original answer was withdrawn.

The affidavits tended to show illegal sales of intoxicating liquors. That these would not have been competent evidence on the final hearing, had objection thereto been made, is true; but affidavits are recognized as competent evidence on the hearing of applications for a temporary injunction and for other purposes, and by agreement they are frequently treated as competent evidence on the final hearing of a cause. There can be no objection to their being so used when all parties in interest assent to it. In the case under consideration Geyer was duly represented on the final hearing by an attorney, who made no objection to the use of the affidavits as evidence, and his assent to such use may, therefore, be presumed.

The fact that the pleadings and evidence were not read on the hearing was not material, in view of the fact that they were before the court, which was fully advised of their contents by a previous reading. Under such circumstances the omission to again read the proof was merely formal, and did not affect the validity of the decree.

It may be conceded, for the purposes of this appeal, that the evidence before the court did not jus-

tify it in rendering a decree which should prevent the use of any part of the premises in question, except the part devoted to saloon purposes; and it may be conceded, further, that the pleadings and evidence did not justify any decree against the property. But such concessions would not justify the conclusion that the decree rendered was void, and that it might be set aside in a proceeding of this character. The court had jurisdiction of the parties and of the subject-matter of the action. It was authorized to render the decree it did, not only against the room in which it is now claimed the saloon was alone carried on, but against the entire building, upon sufficient evidence. If the court erred in estimating the effect of the pleadings or the weight of the evidence or the facts which they established, the decree rendered, although erroneous, cannot be treated as a nullity, but must be regarded as valid and in full force until corrected within the time and in the manner provided by law. Had the petition asked for an injunction only against one room of the building, a different question would have been presented, but the language of the petition included the entire building. If the court committed an error inadvertently, it might have corrected it had attention been called to it; but, in any event, the remedy by appeal was open to the party aggrieved, and was ample to correct the errors alleged. This proceeding is not authorized by law in a case of this kind, and cannot be the means of affording the plaintiff any of the relief demanded.

V. It has been made to appear that the appellant Douglass has died since taking his appeal, and the appellee asks that the case be dismissed for that reason. It is the rule in this state that the death of a party to an action does not have the effect to abate it, unless, from the nature of the case, further pro-

5. DEATH OF parties pending appeal: substitution.

ceeding would be of no avail; and that rule applies to actions in this court. Code, section 3211. The statutes under which the action of *Douglass v. Geyer* was brought provide that any citizen, residing in the county where a nuisance of the kind in controversy exists, may, after notice or information of such nuisance given to the county attorney, and neglect or refusal by him to bring suit, institute and prosecute, in the name of the state, an action in equity to enjoin the nuisance, or he may institute such an action in his own name. Chapter 143, of Acts of the Twentieth General Assembly; chapter 66 of Acts of the Twenty-first General Assembly. In either case, however, the action so instituted is of a public nature, and for the public benefit. That has been expressly held in regard to an action brought by a citizen in his own name. *Littleton v. Fritz*, 65 Iowa, 495; *Applegate v. Winebrenner*, 66 Iowa, 68. In the first of the cases cited it was intimated that in such an action a decree for the defendant would bar another like action, based upon sales made within the time included in the first, and the reason given was that the plaintiff was by law made the representative of the public in bringing and maintaining the action. In *Dickinson v. Eichorn*, 78 Iowa, 710, it was held that a decree enjoining and abating a nuisance, although not enforced, was a bar, while it might be enforced, to a second action for the same offense; and one of the reasons given for the conclusion was that the plaintiff in such an action stands for and represents the public. In *Conley v. Zerber*, 74 Iowa, 699, it was held that a citizen of the county could not intervene in such an action, and unite with the plaintiff, on the theory that their interest in the litigation was the same, for the reason that the litigation did not include any private interest on the part of the plaintiff, but a mere naked right to maintain the action for the protection of a

public right or the redress of a public wrong.  It logically follows, from these decisions, that neither the administrator, executor, nor heir of a deceased plaintiff would have such an interest in the subject-matter of the litigation, aside from any question in regard to costs, as would entitle him to be substituted as a party plaintiff.  It is true this is not strictly an action to enjoin a nuisance, under the acts specified, but it is one to have set aside and declared void a decree in such an action; and, so far as the question of substitution of parties is concerned, the rule of the cases cited must apply.

The appellants Newman & Blake are interested only as attorneys, and ask that the representative of Douglass or some citizen be substitued for him.  No ground for substituting his representative is shown, and the question presented is, what substitution, if any, can be made?  It is clear, from what we have said, that the public welfare demands, not that the case be dismissed, but that it be prosecuted to a final decree. Since it is a matter in which the public alone is concerned, and the original action could have been brought in the name of the state, we are of the opinion that the state may be substituted as a party defendant in the place of Douglass, on the application of a person duly authorized to represent the state.  This conclusion is in harmony with the rule of *Fisher v. Cass County District Court*, 75 Iowa, 232.  In that case it was held that when the plaintiff, in an action to restrain a nuisance like that in controversy, had removed from the county, proceedings to punish the defendant for contempt in violating the injunction might be instituted in the name of the state, and that the appearance of the county attorney therein in behalf of the state gave the court jurisdiction to proceed in the case.  We are also of the opinion that any citizen qualified to have instituted the original action may, by

leave of court, be substituted for Douglass. The
authority to institute and maintain such an action is
broad enough to include the power to maintain one
brought by another who is prevented by death or other
cause from carrying it on.   We conclude that the
request for permission to substitute a party for
Douglass should be granted.   When such substitution
is made, a decree will be entered in this court in har-
mony with this opinion.   REVERSED.