## Village of Belknap v. James A. Miller.

1. Cities and Villages—*Passage of Ordinances.*—The following entry on the record of a village board :

> "March 11th, 1887.
> The board met pursuant to adjournment and proceeded to business by adopting ordinances from number one to number seventeen, inclusive. All members present.
>
> James R. Evers, Clerk."

Sufficiently shows the passage of ordinance No. 4.

2. Cities and Villages—*Requisites of the Journal—Ayes and Nays.*—It is not necessary that the yeas and nays must appear on the village journal of a village, incorporated under the general incorporation act of 1872, in order to give validity to an ordinance purporting to have been passed and adopted by the authorities of such village.

3. Cities and Villages—*Record of—The Ayes and Nays on the Passage of an Ordinance.*—The first clause of Sec. 12, Art. 3, Part I, Chap. 24, of the general act for the incorporation of cities and villages, which provides that, "The yeas and nays shall be taken upon the passage of all ordinances which shall be entered on the journal of its proceedings," is directory.

4. Cities and Villages—*Passage of Ordinances—Record.*—Sec. 14 of Art. 3, Part I, of Ch. 24, of the general act for the incorporation of cities and villages, which provides that the concurrence of a majority of all the members elected in the city council (or village board of trustees) shall be necessary to the passage of any such ordinance, is mandatory.

5. Cities and Villages—*Sufficiency of Record Showing Passage of Ordinances.*—Where it appeared on the journal of the proceedings that all the members were present and that an ordinance was adopted, the word "adopted" necessarily signifies that a majority of the members of the village board voted for the passage of the ordinance.

6. Cities and Villages—*Right to Amend Record.*—A village board has the right, on proper proof, to supply an omitted or correct an erroneous entry in the journal and make the record complete.

7. Cities and Villages—*Right of the Clerk to Amend the Record.*—If the clerk who made the defective entry is still in office, he can, without an order from the board, amend the journal entry according to the truth, being liable for an abuse of the right.

8. Amendments—*Of Records—General Powers of Cities and Villages.*—To deny cities and villages the right to complete or correct the clerk's journal entries according to the facts, might involve them, and the officials executing their ordinances, in serious trouble, without subserving any good purpose.

Memorandum.—Suit for a violation of village ordinance. Error to the Circuit Court of Jackson County; the Hon. Alonzo K. Vickers,

Judge, presiding. Heard in this court at the August term, 1893. Reversed and remanded. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

JAMES C. COURTNEY, attorney for plaintiff in error.

SPANN & SHERIDAN, attorneys for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This case was tried by the court below on the following stipulation of facts: "The only question in this case is as to the validity of the passage of the ordinance under which the defendant was fined by the village magistrate. It was admitted that defendant was guilty of violating No. 4, of the village ordinances. Ordinance No. 4 is in the words following, viz.: 'Whoever shall make or assist in making, or encourage another in making any improper noise, disorder or tumult, or who shall permit such noise or tumult to be made in or about his, her or their house or premises, or who shall at any time disturb the peace or quiet of any neighborhood, family or person by loud or boisterous whooping, screaming, cursing, challenging to fight, fighting or mock-fighting, using obscene language, or by creating false alarms, or by any other device or means whatever, shall be fined in any sum not exceeding one hundred dollars.' It is admitted that the only record of the passage of said ordinance appearing on the journal of the proceedings of the board of trustees of the village, is as follows:

'BELKNAP, ILL., March 2, 1887.

The village board met at the store of W. L. Currey on the above date, with the president in the chair, and proceeded to business by reading minutes of last meeting and approving of the same. Motion made and carried to draft ordinances for village seal. Motion made and carried to have the village ordinances printed and bound in book form, as many copies as could be bought for $10 or $12.

Motion made and carried to adjourn until March 11, 1887.

The board met pursuant to adjournment and proceeded to business by adopting ordinances from number 1 to number seventeen (17) inclusive. All members present.

JAMES R. EVERS, Clerk.'

It is admitted that said ordinance No. 4, together with ordinance No. 1 to 17 inclusive, as stated in the journal, were printed in book form by the village and purported to be published by authority of the board of trustees, as required by statute, with the date of the passage as appearing in the journal.

It is also admitted that the village was duly incorporated under the general incorporation law of the State.

Now, if the court shall be of the opinion that ayes and nays should appear on the journal in order to give validity to the ordinance, then the defendant is to go acquit; otherwise the judgment of the village magistrate to be affirmed with cost.

It is understood that on February 22, 1892, defendant was fined $3 and cost by the village magistrate of Belknap, from which the present appeal is prosecuted.

Dated this 7th day of April, 1893.

W. A. SPANN, attorney for defendant.
JAMES C. COURTNEY, for Village of Belknap."

The foregoing was all the evidence offered in this case both by the plaintiff and defendant.

The court thereupon rendered a judgment finding the defendant not guilty, and rendered judgment against plaintiff for costs. To the rendition of this judgment the plaintiff then and there objected and excepted.

The single legal question presented for our consideration under the stipulation is, whether the yeas and nays must appear on the village journal of a village incorporated under the general incorporation act of 1872, in order to give validity to an ordinance purporting to have been passed and adopted by the authorities of such village.

The first clause of Sec. 13, Art. 3, Part 1, Chap. 24, of the general act for the incorporation of cities and villages, provides: " The yeas and nays shall be taken upon the

passage of all ordinances  *  *  *  which shall be entered
on the journal of its proceedings." This provision is imme-
diately followed by, "and the concurrence of a majority of
all the members elected in the city council (or village board
of trustees) shall be necessary to the passage of any such
ordinance."

In the case of Barr v. Village of Auburn, 89 Ill. at p. 362,
it is held that the latter clause is the "mandatory portion
of this section."

In that case the journal showed "the following ordinance
(the one in question) was unanimously adopted." No yeas
or nays were entered on the journal. It was held that the
above section did not require they should be entered, as "it
appeared on the face of the journal that the ordinance passed
with the concurrence of a majority of the members elected
of the body passing the same."

This decision has not been overruled. It is sustained by
many authorities cited in note to Sec. 291, Vol. 1, p. 364, 4th
Ed., Dillon on Municipal Corporations. On that construc-
tion and on the faith of its stability, doubtless the authori-
ties of cities and villages of this State have relied for the
last fifteen years. By the express terms of the stipulation
the only legal question submitted was, whether the "ayes
and nays should appear on the journal, in order to give
validity to the ordinance." For aught we know there may
have been a distinct purpose in so limiting the question for
decision. While it appears to us, the record showing that
all the members were present, that the word "adopted"
necessarily signifies that a "majority" of the members of
the village board voted for the passage of the ordinance,
yet if this should not be the correct legal position and the
word "majority" or "unanimously" should be entered in
the journal, in addition to the word "adopted," according
to what the actual fact may have been, the village board
has the right on proper proof to supply an omitted or cor-
rect an erroneous entry and thus make the record complete,
if it is not so now. Hutchinson v. Pratt, 11 Vt. 402. If
the same clerk who made the entry is still in office, he can,

without an order of the board, amend the journal entry according to the truth, being liable for an abuse of the right. Dillon on Municipal Corporations, Vol. 1, Sec. 232. To deny corporations, such as cities and villages, the right to complete or correct the clerk's journal entries according to the facts, might involve them, and the officials executing their laws or ordinances, in most serious trouble, without subserving any good purpose. Dupage Co. v. Martin, 39 Ill. App. 298.

The conditions may be such that the appellant may desire to and can have the journal entry made to fully comply with the rule laid down in the Barr case, *supra*, and thus remove any doubt of the proper passage of the ordinance, should the question ever reach the Supreme Court.

The judgment is reversed and the cause remanded.