GEORGE L. WOOD, Appellant, v. J. BAER *et al.*

1. **Liquor Injunction: Suit by Private Person.** In such an
action brought in a private plaintiff's name, it is not necessary to
2. allege that notice was given the county attorney before commencing
suit.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL,
Judge.

SATURDAY, MAY 26, 1894.

ACTION in equity to enjoin the defendants from
keeping a liquor nuisance and for its abatement. A
demurrer to the petition was sustained, and, the
plaintiff having refused to plead further, a decree was
rendered in favor of the defendants. The plaintiff
appeals.—*Reversed.*

*Hedges & Rumple* for appellant.

*D. H. Wilson* for appellees.

ROBINSON, J.—The petition alleges facts substantially as follows: The plaintiff is a citizen and resident of Iowa county. The defendant Baer has established, and is now keeping and maintaining, in premises in Marengo described, a place in which intoxicating liquors are kept with intent to sell them in violation of law, and in which they are sold in violation of law. The defendant Ratcliff owns the premises, or has some interest therein, and knowingly permits them to be used for the unlawful purposes stated. The plaintiff asks that the defendants be enjoined from maintaining the nuisance, that it be abated, and for general equitable relief. The demurrer is based upon the alleged ground that the petition "does not state facts sufficient to constitute a cause of action, or to entitle plaintiff to the relief demanded." No argument for the appellee has been furnished us, but in a stipulation filed it is stated that the demurrer was sustained for the reason that no notice or information of the alleged nuisance was given to the county attorney before the action was commenced. Whether such notice or information should have been given to enable the plaintiff to maintain this action, and shown by the petition, is the question we are required to determine. Section 12 of chapter 143 of the Acts of the Twentieth General Assembly provides, in cases of such nuisances as that charged in the petition, that "any citizen of the county where such nuisance exists, or is kept or maintained, may maintain an action in equity to abate, and perpetually enjoin the same." Section 1 of chapter 66 of the Acts of the Twenty-first General Assembly contains the following: "Actions to enjoin nuisances as authorized by section 12 of chapter 143 of the Acts of

the Twentieth General Assembly may be brought in the name of the state of Iowa by the district or county attorney of the proper county, and it shall be the duty of such district or county attorney where any such nuisance exists to institute and prosecute such action for the abatement thereof: *provided*, however, if, after notice or information given him of such nuisance, said district or county attorney refuse or neglect to bring suit, and prosecute the same with reasonable diligence, then any citizen residing in the county may institute and prosecute such action in the name of the state for the abatement of such nuisance. But nothing in this section shall prevent any citizen of a county from instituting and maintaining in his own name an action under said section 12 of said chapter 143, and to all of such actions, whether brought under the provisions of said section 12 of said chapter 143, or of this act, the provisions contained in this act shall 'apply.'' The Acts of the Twentieth General Assembly gave to any citizen of a county where the nuisance existed the right to maintain such an action as this to abate it. The action thus authorized was of a public nature, and for the benefit of the public. *Geyer v. Douglass*, 85 Iowa, 93, 52 N. W. Rep. 113. But the county attorney was not required to prosecute it, and there was no provision authorizing it to be carried on in the name of the state. It was therefore necessary for the action to be commenced and prosecuted in the name of the citizen who was authorized to maintain it. The Act of the Twenty-first General Assembly was designed to make it the duty of the proper county attorney to institute and prosecute actions like this for the abatement of nuisances which exist in his county, but, in case he should fail to do so, after notice or information given him, to authorize any citizen residing in the county to commence and carry on the action in the name of the state. It was not designed to limit the right of the citizen

to maintain such an action in his own name, but only to restrict his right to maintain it in the name of the state to cases where the county attorney, after due notification, refused or neglected to bring and prosecute it. The clause, "and to all of such actions, whether brought under the provisions of said section 12 of said chapter 143, or of this act, the provisions of this act shall apply," was not intended to require notice or information of the nuisance to be given the county attorney before an action could be commenced and carried on by a citizen in his own name. It does not apply to matters preliminary to the bringing of an action, but to actions after they shall have been commenced. Therefore, it was not necessary for the petition in this case to show that the county attorney had been notified of the alleged nuisance to enable the plaintiff to maintain the action, and the district court erred in sustaining the demurrer. REVERSED.