## Herman Classen v. Henry Danforth et al.

1. INJUNCTIONS—*Failure to Prosecute Diligently—Dismissed by the Court.*—In cases of injunctions more diligence in prosecuting the suit is required than in ordinary suits. Parties seeking the restraining order of a court should prosecute their suits in good faith and diligently, and bring all parties interested before the court. In case of a failure to do so it is within the province of the court, and is its duty, to dissolve the injunction and dismiss the bill.

2. EQUITY PRACTICE—*Restoration of Bill Once Dismissed.*—It is not according to the ordinary cause of practice to restore a bill that has once been dismissed. It must be shown that substantial justice requires it.

Memorandum.—Bill for injunction. In the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding; bill dismissed for want of prosecution; appeal by complainant. Heard in this court at the December term, 1894, and affirmed. Opinion filed January 24, 1895.

C. H. PAYSON, attorney for plaintiff in error.

F. L. HOOPER and FREE P. MORRIS, attorneys for defendants in error.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The plaintiff in error, a freeholder and tax payer of the incorporated village of Danforth, presented his bill for injunction to Judge Starr, one of the circuit judges of the judicial circuit of which the county of Iroquois forms a part, on the 18th of July, 1893, and on the 24th of same month the said judge granted an injunction. The bill was filed in the circuit clerk's office on the thirty-first day of the same month. The purpose of the bill was to enjoin the trustees of the village of Danforth from paying to Henry Danforth certain bonds issued by said village in 1891 for the purpose of building and erecting a system of waterworks in said village. The bonds were sold to defendant in error, Danforth, and the money paid into the treasury of the village and used for building a water tower and tank. The issue of bonds was in denomination of $500 each, and the first became due and payable August 1, 1893.

The president and trustees of the village, to wit, W. W. Gilbert, president of the board, and John Overacher, John Eden, T. Simmans, Richard Gerloch, A. J. Grove and C. Kennedy, the trustees, and Henry Danforth, defendant in error, were by prayer of the bill made parties defendant thereto, and summons prayed to be issued against all but Henry Danforth, who resided in another country, and the most interested of all the parties. The bonds were sought to be enjoined on the ground alleged in the bill that they were issued by virtue of an ordinance attempted to be passed by the board of trustees attempting to create a liability of the village, and that in passing it, the provisions of the statute required such ordinances to be passed by a yea and nay vote, was violated, and that the ordinance under which the bonds were issued was not passed in the mode required and therefore they were void. All the respondents to the bill, except Danforth, were notified of the intended application for the injunction and he, as claimed by registered letter, and all were duly served with summons except Danforth, against whom no summons was issued.

At the November term of the Circuit Court, to wit, December 1, 1893, no steps having been taken in the matter by either the complainant or the respondents served, either to try the case or to dissolve the injunction, the court, it being the last day of the term, Judge Sample, presiding, on his own motion dissolved the injunction and dismissed the bill for want of prosecution. On the same day plaintiff in error moved to set aside the order of dismissal, without assigning any reason or filing affidavits in support of such motion, and the motion was denied by the court.

This writ of error is sued out from such order, and by order of this court the temporary injunction was revived until further order of this court. During the pendency of the suit in the court below, the respondents to the bill served neither answered nor made any move, and the respondent most deeply interested, although known to the complainant, was not served, and so far·as the record discloses, knew nothing of the pendency of the suit or the issuing of the injunction and could take no steps in the matter.

From the want of action of the other parties to the suit, it was apparent to the presiding judge that they were perfectly satisfied to allow the temporary injunction to remain indefinitely without further action. The court could perceive that an injustice was being done the most interested party of the suit, the defendant in error, Danforth.

The cause was evidently not being prosecuted as it should have been and as good faith required. It had the appearance of an *ex parte* proceeding of the tax payer and the village on the one side, and no one to represent Danforth, the owner of the lands, the payment of which was enjoined on the other, who was not in court and apparently was not desired to be there.

Without some showing or explanation, the Circuit Court was justified in dismissing the bill for want of prosecution.

The plaintiff in error was guilty of *laches* in not getting all parties in court. In cases of injunctions, more diligence in prosecuting the suit is required than in an ordinary suit. Parties seeking the restraining order of court should prose-

cute their suit in good faith and diligently, and bring all parties interested before the court. And in failure so to do, it is within the province of the court and it is its duty to dissolve the injunction and dismiss the bill. Atkins v. Billings, 72 Ill. 598; Hopkins v. Roseclare Lead Co., 72 Ill. 373.

The court did not err in refusing to set aside the order of dismissal; nothing was brought to its attention to show that the suit was being prosecuted diligently and in good faith and in the exercise of sound discretion. It was justified in refusing to set aside the order of dismissal. Had Danforth, the plaintiff in error, been brought into court, he might have shown that the record of passing the ordinance in question was in legal form, or in case any error had been cometmitd in making up the record of the village trustees, he may have taken steps to have it corrected and amended. Village of Belknap v. Miller, 52 Ill. App. 617; Bass v. Auburn, 89 Ill. 361. All improper delays would tend to prejudice his rights. The discretion of the Circuit Court must be abused before it will be interfered with. Hett v. Collins, 103 Ill. 74.

It is not according to the ordinary course of practice to restore a bill that has once been dismissed. It must be shown that substantial justice requires that it should be done, and then, upon the particular circumstances, the court will make the order. 1 Dan. Chan. P. & P., page 809, Perkins' Ed.

The order of this court renewing the injunction is set aside and the injunction heretofore issued by this court dissolved, and the decree of the court below dissolving the injunction and dismissing the bill for want of prosecution is affirmed.