GILBERT BARBER, Appellant, v. JOHN SCOTT.

**Refusal to Reinstate Case:** CONFLICTING EVIDENCE ON APPEAL. Upon
an application to the trial court to have reinstated a cause which
has been dropped from the calendar, an issue of fact as to the pur-
pose in dropping the case is presented, the finding of which is con-
clusive, on appeal from a refusal of the application, where the
evidence on which it rests is conflicting. Whether dropping a cause
from the calendar operates as a dismissal, is a question of intention.

*Appeal from Story District Court.*—HON. S. M. WEAVER,
Judge.

WEDNESDAY, OCTOBER 28, 1896.

ACTION to recover the value of certain personal
property. The action was dropped from the judge's
calendar for want of prosecution, and from a ruling
refusing to reinstate the case the plaintiff appealed.—
*Affirmed.*

*Merritt & Bunting* for appellant.

*Geo. W. Dyer* for appellee.

GRANGER, J.—This cause of action accrued some-
where about 1886. It was commenced in September,
1891, and issue taken in October following. A trial
notice was served on plaintiff, and the cause then
continued by agreement from term to term until
December, 1893, when it was dropped from the judge's
calendar. In April, 1895, the plaintiff filed a motion
to have the cause reinstated on the calendar for trial,
and served a trial notice on the defendant. Objections

were filed to the motion, and much testimony taken
to show the purpose in maintaining this suit, and
why it was not prosecuted.  There was another cause
between the parties, growing out of the same transac-
tion, which was prosecuted to judgment against the
defendant, appealed to this court, and affirmed in
October, 1894.  92 Iowa, 52 (60 N. W. Rep. 497).
There is reason to think that the trial of this cause
was postponed because of the pendency of that action.
Just the legal effect of dropping a case from the
judge's calendar is not understood.  It does not nec-
essarily mean a dismissal of the cause, and it may
be   doubted  if  such  a  conclusion  should  follow
except where there are other facts to indicate such a
purpose.  Upon the application to reinstate this cause,
an issue of fact is made and tried as to the purpose in
dropping the case.  The case was regularly called for
trial in December, 1893, more than two years after its
commencement, and without other facts appearing, it
was dropped from the calendar.  The inference is that
it was dropped for want of prosecution.  The record
indicates a mutual understanding of the parties not to
prosecute, but not that such fact was known to the
court.  The record on the issue as to the intention of
the parties, as presented, is such that the court could
find that the cause was continued because of the
pendency of the other suit, and to know the result,
and that if plaintiff was successful in that case this
would not be prosecuted.  If defendant consented to
such a continuance with that understanding, and the
cause was dropped because of the failure to prosecute,
we think the court might well treat the case as dis-
missed, especially after the disposition of the other
case.  It is a matter in which the conclusion of the
court below on a finding of fact concludes us, because
of the conflict of the evidence.  This is true when all
testimony vulnerable to  objections is disregarded.

The doubtful questions in the case are those of fact, which the court below must have found against the plaintiff. The judgment is AFFIRMED.