WILLIAM HORRABIN, Appellant, v. THE CITY OF IOWA CITY,
et al., Appellees.

**Appeal:** INJUNCTION: SETTLEMENT OF CONTROVERSY: DISMISSAL OF
1 APPEAL. Where a taxpayer sued to restrain payment for a public
improvement and, after decree dismissed the temporary injunction
and the petition, the city settled for the work in full, an appeal sub-
sequently taken will be dismissed; and the fact that the contractor,
after dissolution of the injunction, brought suit for the wrongful
suing out of the same, did not give plaintiff such a continuing interest
in the suit as entitled him to a determination of the appeal.

**Same:** RIGHT OF APPEAL. The right of appeal—that is, the right to
2 another hearing before another tribunal—is not a constitutional
right.

Same: TEMPORARY INJUNCTION: DISMISSAL: REVIEW.  A temporary injunction is simply an incident to the main suit; and when the case has been dismissed or otherwise disposed of the injunction falls with it, and the plaintiff is not entitled to a review of the decree dismissing the action, simply for the purpose of determining whether the order dismissing the injunction was proper, so as to relieve plaintiff from liability on the injunction bond.

Same: LACHES.  Where a taxpayer, seeking to restrain payment for a public improvement, did not appeal from an adverse decree, and thus legally suspend further proceedings, until after the city had settled with the contractor, there was nothing left from which an appeal will lie and it will be dismissed on the ground of his own laches.

*Appeal from the Johnson District Court.*—HON. R. P. HOWELL, Judge.

THURSDAY, MARCH 9, 1911.

ACTION by plaintiff as a taxpayer of the city to enjoin defendant city and its officers from issuing any bonds, notes, or other obligations of said city in payment for work or material done or furnished by defendants Lehmann & Bradley, under a contract for paving Court street, in said city, and from incurring any obligation on the part of said city by reason of the grading, curbing, or paving of said street, and from using any of the public funds in payment therefor. A temporary injunction was granted, but, on final hearing, such injunction was dissolved, and a permanent injunction denied, and plaintiff's petition dismissed.  The plaintiff appeals.  On motion to dismiss.—*Sustained.*

*Wade, Dutcher & Davis,* for appellant.

*Henry G. Walker, J. J. Ney* and *Ranck & Bradley,* for appellees.

McCLAIN, J.—As we have reached the conclusion that we must sustain appellee's motion to dismiss this appeal on·

the ground that after the decree was entered in the lower court and before an appeal was taken, and without any restraining order granted in this court, the entire matter in controversy between plaintiff and defendants was adjusted and settled and all obligations on the part of the city to the contractors, Lehmann & Bradley, were performed and discharged, we shall only set out such facts appearing in the record as are necessary for an understanding of such ruling.

In March, 1909, the city entered into a contract with the defendants Lehmann & Bradley, who will hereafter be spoken of as the contractors, for the improvement by paving and curbing of a short street. Among the specifications of the contract were the provisions that the curbing should be of sandstone, and the paving of brick having an absorption test of not more than 2 per cent and a rattler test of not to exceed 16 per cent. This contract was let to these contractors in accordance with competitive bidding in which said contractors were the lowest bidders; plaintiff being an unsuccessful bidder. The cost was to be paid by assessment upon abutting property, save the expense of paving one street intersection and the alley intersections, which was to be paid out of the improvement fund. Before the work was commenced, some agreement was made between the officers of the city and the contractors by which the width of the street was to be reduced and a cement curb and gutter substituted for the sandstone curbing, and this agreement was on the petition of the abutting property owners. When the work had been partially performed under the modified agreement, objection was made by the city engineer that the brick used was not in accordance with the specifications, in that the absorption test showed a 5 per cent., instead of a 2 per cent., absorption. Thereupon the property owners petitioned the city council that the work be allowed to continue to completion with the same kind of material as that which had already been used, and it was thus completed without objection on the part of the property owners. Such owners afterward and before the commence-

ment of this suit waived any objection to the work, and are
not concerned in this controversy.   However, before final
settlement with the contractors had been made, the city
council by resolution modified the contract in accordance with
the requests of the property owners as above indicated.

The contentions of plaintiff as a taxpayer were that the.
modifications in the contract made by the city council
were without authority, that the contract as performed was
not in accordance with the proposals for bids,
and that the city could not in accepting the
work completed in accordance with the modi-
fied contract become obligated to make pay-
ment for the expense of street and alley intersections.   On

1. APPEAL: in-
junction: set-
tlement of con-
troversy: dis-
missal of
appeal.

these contentions the decision of the court was against the
plaintiff, the preliminary injunction was dissolved, a perma-
nent injunction was denied, and plaintiff's petition was dis-
missed.   Thereupon, as is made to appear in this court by
affidavits in support of the motion to dismiss this appeal sub-
sequently taken, it was made to appear that, before the taking
of such appeal, the officers of the city and the contractors
settled the case, and the city paid to the contractor all sums
due under the contract.   From further affidavits submitted
by appellant we infer that such settlement and payment were
effected by the delivery to a bank of city bonds as authorized
by Code, section 910, and we are justified in assuming that
the city council had in accordance with the provisions of
Code, section 830, levied for the cost of street and alley inter-
sections a special tax payable into the improvement fund of
ten annual installments to be used when collected in the ex-
tinguishment of the bonds so issued.   It appears, therefore,
that the city had, between the entering of the decree dis-
missing plaintiff's petition and dissolving the temporary in-
junction and the appeal by plaintiff from such decree, fully
performed all the obligations which it had assumed or at-
tempted to assume under the contract for the street im-
provement.

Under these circumstances, we are unable to see that any relief could be afforded plaintiff under this appeal. It is true that he asked in his petition that the city and its officers be enjoined from using any of the public funds or moneys of said city in paying any assumed obligation under the contract, and that in satisfaction of the bonds already issued it will be necessary in the future to collect the improvement fund tax in payment of such bonds. But the tax was levied before the bonds were issued, and the proceeds of such tax as collected from year to year are by law specially pledged to the payment of such bonds. In short, the city had before the taking of this appeal and while it had a right to do so under the decree of the lower court fully performed all of its assumed obligations under the contract. There is no longer any matter in controversy between the city and the contractors, and plaintiff as a taxpayer of the city is in no situation to further question the validity of the settlement made and performed after his petition was dismissed in the lower court, and before he had asked any relief in this court. Had he desired to perpetuate the temporary injunction and prevent performance by the city in accordance with the decree of the lower court, he could have secured from this court a restraining order maintaining the *status quo* as it existed while the temporary injunction was in force. Such a restraining order would have been granted had it been made to appear to this court that there was merit in plaintiff's proposed appeal. *Manning v. Poling,* 114 Iowa, 20; *Norris v. Tripp,* 111 Iowa, 115. Not having secured such an order, appellant cannot now complain of a settlement between the city and the contractors made in accordance with the provisions of law, and he has no further right to prosecute this appeal.

It is suggested in appellant's resistance to the motion to dismiss, supported by some attempted showing by affidavits, that a civil suit is now pending in which Lehmann & Bradley seek to recover damages from this plaintiff for the wrongful

suing out of the temporary injunction, and that plaintiff has
therefore a continued interest in the reversal of the decree
of the lower court which dismissed such temporary injunc-
tion on the final hearing. With that matter we have no con-
cern. It is not for us to determine at this time what the
effect of such dismissal may be upon such independent suit.
No question of this kind was presented or could be presented
in the trial court, and no such question could reach us or be
brought before us by an appeal from the decree of that
court.

A motion is submitted with the case to strike a portion
of appellee's argument on the merits, but, as it relates to
the subject-matter which has been brought before us by the
motion to dismiss, we see no reason for sustaining it. Such
motion is therefore overruled.

The motion to dismiss the appeal is *Sustained.*

SUPPLEMENTAL OPINION.

WEDNESDAY, JULY 2, 1913.

*Wade, Dutcher & Davis,* for appellant.

*Frank Messer, Henry G. Walker, John J. Ney, C. S.
Ranck* and *Stephen Bradley,* for appellees.

WEAVER, C. J.—Counsel do not contest the position taken
by us on the former hearing so far as it pertains to the main
controversy, but insist that, as the trial court vacated the
temporary injunction and thereby rendered
plaintiff liable *prima facie* upon the injunc-
tion bond, he ought to have the decree reviewed, so far as
that question is concerned, to determine (if such be the case)
that the order of vacation was improperly entered and there-
by relieve him from such liability. No precedent for this
practice is pointed out in our cases, and we think none can
be found. On the contrary, this court has inferentially,
if not directly, held that, when jurisdiction of the main case

2. SAME: right
of appeal.

is exhausted or has been lost, the court will not attempt to retain it for the disposition of questions having only an incidental relation thereto. It is argued with much vehemence that to so hold is essentially unjust, and that under the operation of such a rule, even though plaintiff had a perfectly good cause of action and the vacation of the injunction is palpably erroneous, he is, without fault on his part, deprived of a hearing. To quote from the language of counsel: "He is entitled to a hearing somewhere. He is entitled to have this court pass upon the question as to whether that injunction was rightfully issued or not. This is a constitutional right." To be sure plaintiff is "entitled to a hearing somewhere," and to that extent the right may be constitutional. But the trouble with the argument is that he has had a "hearing." The district court had jurisdiction of the person and of the subject-matter and pronounced its finding and judgment thereon in due form. The right to appeal—to have another hearing before another court—is not a constitutional right.

Moreover, a temporary injunction can exist only as an incident to some case pending in court, and when the case is dismissed or is otherwise disposed of the injunction falls with it; nothing is left to be heard or determined. This was distinctly held in *Railroad Co. v. Dey,* 76 Iowa, 278. There, the trial court having refused to dissolve a temporary injunction, the defendant appealed from the ruling. Pending the appeal plaintiff went into the district court and dismissed its main action. Thereafter on a showing of these facts this court dismissed the appeal, declining to consider the error assigned upon the trial court's refusal to vacate the injunction. Discussing the matter we there said:

3. Same: temporary injunction: dismissal: review.

But the case, as we have seen, is ended. The injunction proceedings must end with the case. The injunction is a remedy sought in the action; it is an incident or a proceeding in the action. This incident—this proceeding—must fall when there ceases to be a case. . . . This court will not

determine questions unless there be pending cases in which the questions arise. If remedies be sought and rights claimed in actions, the withdrawal, settlement, or abandonment of claims for such remedies or rights leaves nothing for us to determine in relation thereto. There must be real, present questions, involving actual interests or rights of the parties, to authorize us to consider the case in which they arise. We will not settle questions involved in rights now no longer existing; and when, in a case pending in this court, rights cease to exist, the appeal will be dismissed.

The case of *People v. Clark,* 70 N. Y. 518, is quite in point upon the question. There a citizen brought an action to restrain proceedings for the incorporation of a village. A temporary injunction was granted and afterwards dissolved and the corporation was completed. The Court of Appeals refused to review the ruling upon the injunction, saying: "We do not deem it necessary to determine whether the action was maintainable as originally commenced. As it appeared upon the trial and is presented to us upon appeal, no effectual judgment can be rendered in it." The principle is also affirmed in *Dinsmore v. Express Co.,* 183 U. S. 115. (22 Sup. Ct. 45, 46 L. Ed. 1111).

It is further to be said that, if plaintiff has been deprived of an opportunity for a review of the error which he assigns, the loss is chargeable to his own laches. When judgment was entered below he knew that unless the case was removed to this court by prompt appeal and further proceedings suspended or stayed by supersedeas, or if supersedeas was unavailing, then by a stay procured from this court the city and the contractors were at liberty to treat the controversy as having been adjudicated and proceed to a settlement on that basis. The judgment was entered on December 30, 1909; and notice of appeal was not served until January 19, 1910, after the city and its contractors had fully settled the paving claims, and there was nothing left from which an appeal would lie.

4. SAME: laches.

We see no reason for departing from the opinion expressed on the former hearing, and the order for the dismissal of the appeal must stand. Appeal *dismissed*.