A. E. HIGHBERGER, Petitioner, v. LESTER L. THOMPSON, Judge, et al., Respondents.

**INTOXICATING LIQUORS: Action for Injunction—Nondismissal by**
**1 Delay.** An action for injunction against the unlawful sale, etc., of intoxicating liquors may not be deemed dismissed (and the temporary injunction consequently nullified) from the fact that for over nine years the cause had remained quiescent and without appearance on the court calendar, and that during said time the citizen plaintiff had died and no substitution for plaintiff had been made.

**INTOXICATING LIQUORS: Action for Injunction—Death of Citizen**
**2 Plaintiff—Effect.** The fact that a citizen plaintiff in an action for injunction against the unlawful sale, etc., of intoxicating liquors dies, and that no new plaintiff has been substituted, is no legal obstacle to the institution by the county attorney of contempt proceedings for the violation of the temporary injunction issued in said cause.

Headnote 1:  33 C. J. p. 700 (Anno.)  Headnote 2:  33 C. J. p. 702 (Anno.)

*Certiorari to Polk District Court.*—LESTER L. THOMPSON, Judge.

JUNE 25, 1925.

REHEARING DENIED OCTOBER 2, 1925.

ORIGINAL proceedings in certiorari to test the validity of an order made by respondent adjudging petitioner guilty of contempt of court. The material facts are stated in the opinion. Writ annulled, and judgment entered affirmed.—*Affirmed.*

*Theodore F. Mantz,* for petitioner.

*Vernon R. Seeburger,* County Attorney, *Russell Jordan* and *C. I. Spencer,* Assistant County Attorneys, for respondents.

DE GRAFF, J.—This is a certiorari to a judgment of the district court of Polk County, Iowa, imposing a statutory penalty upon the petitioner for an alleged contempt of court in that the petitioner (as defendant below) was accused on information with the violation of a temporary restraining order enjoining him from keeping and maintaining a liquor nuisance. No question arises on the validity of the temporary order upon which the instant contempt is predicated. The vital inquiry is whether the temporary writ was in force and effect at the time this contempt proceeding was instituted.

1. INTOXICATING LIQUORS: action for injunction: nondismissal by delay.

To the petition for permanent injunction filed in the original cause February 26, 1915, there were no defensive pleadings. The temporary writ issued March 2, 1915. No trial on the merits was thereafter had, nor were any steps ever taken to bring the original cause to a final determination; but on the contrary the cause was dropped from the court calendar in 1916, and no motion was ever filed thereafter on the part of either plaintiff or defendant to have said cause reinstated. Furthermore, the plaintiff in the original cause died in 1923, and no substitution was ever made. In brief, no further echo of the original proceedings subsequently to the issuance of the temporary writ of injunction was heard in any court until the 9th day of September, 1924, when an information and "petition to cite for contempt of court" was filed, bearing the caption "State of Iowa, ex rel. Vernon Seeburger, Plaintiff, v. A. E. Highberger, Defendant,"—with this exception: that, on the 31st day of March, 1915, an information for contempt was initiated and successfully prosecuted in the original cause, charging the defendant with the violation of the terms of the temporary injunction, as in the instant case.

The petitioner contends that, by reason of the foregoing facts pleaded in his answer in the contempt proceedings, the original action in which the temporary writ had its origin was abandoned long since, and that the temporary injunction lapsed and was inoperative at the time the defendant is alleged to have violated its terms and provisions.

We are, therefore, confronted with these questions: Does the dropping of a cause from the court calendar under the

facts of the instant case operate as a dismissal of the cause?
Does the death of the plaintiff without a substitution of parties
*ipso facto* dissolve a temporary injunction?

I. The original writ was only a *pendente lite* injunction.
It was temporary, and so intended. It was not *res adjudicata*
as to the matters in issue. It was an order made in the exer-
cise of judicial discretion and in conformity to statutory pro-
vision. To give finality to such a temporary rule would be
contrary to the principles governing estoppel by judgment.
See *Bohler v. Callaway,* 45 Sup. Ct. Rep. 431. It may be ac-
cepted, however, that a temporary injunction is operative until
dissolved by the court or until the cause of action in which it
is an incident is dismissed or terminated in some legal manner.
*Horrabin v. City of Iowa City,* 160 Iowa 650. The withdrawal,
settlement, or abandonment of a primary claim giving rise to
the remedy or right leaves nothing for a court to determine in
relation thereto. *Chicago, R. I. & P. R. Co. v. Dey,* 76 Iowa
278. Without a temporary injunction the instant citation for
contempt has no legal basis. This is the logic of the case. We
therefore inquire whether the dropping of the cause from the
calendar under the circumstances worked a dismissal of the
action. It is conclusively shown that the cause involving the
petition for permanent injunction against the petitioner (de-
fendant below) was not found on the equity calendar of the
Polk County district court for the year 1916 or thereafter. The
reason for its nonappearance is not disclosed by the record. No
order or entry was ever made by the trial judge in this particu-
lar. Clearly, its nonappearance on the printed calendar of the
court without further showing cannot be construed as a dis-
missal or an abandonment of the action. The dropping of the
cause from the calendar, even under order of court, does not
necessarily mean its dismissal. There must be facts which dis-
close the purpose, to warrant the conclusion that a dismissal was
intended. *Barber v. Scott,* 99 Iowa 667.

A court calendar is kept by the clerk for the convenience
of the bench and bar. Section 11441, Code of 1924. It is
obvious that a case may be pending without being noted on the
calendar. Such a case may not be subject to trial or trial notice
under the rule of court, but it is not necessarily dead. Further,

a court will not assume a dismissal of a cause by its mere absence from the printed calendar, in the absence of an entry or proof *aliunde* on which a finding of dismissal may be predicated. In the instant case there was no entry of dismissal, nor are there any facts upon which a finding could be made that a dismissal was intended.

It is the legislative intent under the statutes of Iowa that liquor injunction cases shall be brought to a final determination with reasonable dispatch. It is made the duty of the trial court to ascertain why liquor cases are not prosecuted with diligence, and the plaintiff and his attorneys may be ordered into court to explain the cause of delay. Section 2025, Code of 1924. Conceding that the record discloses a remarkable exhibition of laches on the part of plaintiff in the prosecution of this case, and conceding, *arguendo,* that the court might properly have sustained a motion of the defendant to dissolve the temporary writ (*Perry v. Wittich,* 37 Fla. 237; *Classen v. Danforth,* 56 Ill. App. 552), this court does not find a satisfactory answer to the problem in such concessions. The fact stands that the temporary injunction had not been dissolved, nor had the main action been dismissed. We cannot presume an abandonment without facts to justify the inference; and the statutory provisions negative the presumption. The instant action instituted "by a citizen" cannot be dismissed upon the motion of either plaintiff or defendant until the county attorney shall have been notified in writing of the filing of such a motion, and until such county attorney shall have made a personal investigation of all matters pertaining thereto and filed his report in writing, with recommendations "in reference to the disposition of the same." Section 2024, Code of 1924. This does not imply that the court may not dismiss on its own motion; but this was not done. Plaintiff was satisfied to rest on his oars. For what reason, we know not. The defendant did not see fit to interfere with the condition created by the plaintiff. The fact that further progress was a matter to be determined by the court is not controlling, and with the view that the court might have taken of the situation, had defendant become a movent, we are not concerned. We are facing a condition, not a theory; and under the

record facts, we will not presume either a dismissal or an aban-
donment of the action.

II. Did the death of the plaintiff require a substitution
of a party plaintiff in order to predicate valid contempt proceed-
ings for the violation of the temporary injunction entered in the

original action? Clearly, the state, by its accred-
ited representative, or any citizen qualified to in-
stitute the original action, could have been sub-
stituted, by leave of court, for the deceased
plaintiff.

2. INTOXICATING
LIQUORS: action
for injunction:
death of citizen
plaintiff: effect.

"The authority to institute and maintain such an action
is broad enough to include the power to maintain one brought
by another who is prevented by death or other cause from car-
rying it on." *Geyer v. Douglass,* 85 Iowa 93.

Nor can it be questioned that the contempt proceeding was
properly instituted in the name of the county attorney, although
he did not appear and file the petition in the original action.
*Fisher v. Cass County Dist. Court,* 75 Iowa 232. The original
action involved a matter in which the public was interested, and
it could have been brought in the name of the state. An in-
junction is not dissolved, neither does it become inoperative, as
a general rule, by the abatement of the suit in which it issues.
We are not dealing with the right to have a permanent injunc-
tion issue, under the facts of the instant case. In that event
the abatement merely suspends the progress of the suit until new
parties are brought before the court.

"If there is no longer any person before the court by or
against whom the suit can proceed, it must be revived before
any further proceedings can be had by which the rights of the
parties to the suit are *finally* determined." 1 Corpus Juris 220,
Section 441.

The right exists, under the statute, to have substitution
made (Section 10959, Code of 1924), and it might have been
done by proper proceedings in the instant case. The death of
the plaintiff, however, did not dissolve the injunction. It re-
mained a vital and valid order of court. The cause of action
being conceded to have abated, subject to revival on motion for
substitution by a proper party, the order of court remained ef-
fective, and the affidavit upon which the contempt was based

was filed by a proper party. The original action, although instituted in the name of a citizen, as provided by statute, was in the nature of an action upon the relation of the state, and had the same effect as if entitled upon the relation of the state or its representative, the county attorney. The plaintiff had no personal or pecuniary interest in the action. It was a matter in which the public alone was concerned. *Geyer v. Douglass,* supra. The contempt proceeding was incidental to the original action, and need not be entitled as ''of the original cause.'' This being the true situation, the trial court properly ruled the matter in issue. Wherefore, the writ heretofore issued is annulled, and the judgment entered is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.