CAPITOL HILL MONUMENT COMPANY, Appellant, v. E. P. WELLS, Appellee.

**APPEAL AND ERROR: Review—Moot Case.** The court on appeal will not concern itself with a contract which *ex vi termini* has ceased to have legal effect.

Headnote 1:  4 C. J. p. 1135.
Headnote 1:  2 R. C. L. 169.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 16, 1926.

Suit to restrain breach of agreement not to enter into competition with employer after termination of employment. Motion to dissolve temporary injunction and motion to dismiss were sustained. Plaintiff appeals.—*Affirmed.*

*Gillespie & Canfield,* for appellant.

*Strock, Cunningham, Sloan & Herrick,* for appellee.

MORLING, J.—Plaintiff employed defendant as salesman, under contract dated April 23, 1924, to continue until January 1, 1925, unless canceled by either party upon five days' notice. By the contract the defendant agreed not to engage in similar business for the period of one year after the termination of the contract, without plaintiff's written consent. On June 3, 1924, defendant gave plaintiff written notice of resignation, effective June 7, 1924. Plaintiff thereupon brought this suit, to restrain defendant from engaging in competing business, and obtained a temporary writ of injunction. Motion to dissolve and motion to dismiss were sustained on May 21, 1925. On September 21, 1925, this appeal was taken.

Plaintiff questions whether the employment terminated at the time specified in defendant's notice, but it is immaterial. The contract expired by limitation January 1, 1925. The agreement not to engage in competition with plaintiff in any event expired one year from that date, or January 1, 1926. The only relief claimed is temporary and permanent injunction against engaging in competing business in violation of the contract. The period during which the defendant might, on plaintiff's contention, have been restrained, has long since expired. The case is moot. *Richman v. Letts,* 202 Iowa ——; *Horrabin v. City of*

*Iowa City,* 160 Iowa 650.   See cases cited in 4 Corpus Juris 574, 584, 1134.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.