BANKERS TRUST COMPANY, Petitioner, v. DISTRICT COURT OF HAMILTON COUNTY et al., Respondents.

No. 40120.

NOVEMBER 21, 1929.

REHEARING DENIED FEBRUARY 15, 1930.

*Howard L. Bump,* for petitioner.

*Burnstedt & Hemingway* and *Henry & Henry,* for respondents.

FAVILLE, J.—The original action out of which these proceedings arose was a suit brought in the district court of Hamil-

880

ton County, wherein the petitioner in this cause was plaintiff, and the Monarch Company *et al.* were defendants. The original notice was served and the petition in said cause was filed in December, 1922. It appears that an answer was filed in February, 1923. Thereafter the action appears to have remained quiescent until August 31, 1925, when the respondent entered an order in said matter as follows: ''Dropped from calendar, and not to be reinstated except upon order of court made upon motion to reinstate.'' On May 24, 1929, the defendant filed a motion to reinstate said action, supported by an affidavit, and setting forth certain facts regarding the matter of the dropping of said cause from the calendar, and reasons why it should be reinstated. On May 25, 1929, the respondent made an order that said action be reinstated on the calendar of the court. To test the validity of said last-mentioned order, a writ of certiorari was procured, to issue from this court.

It is the contention of the petitioner that the order of the court dropping said cause from the calendar was a dismissal of the action.

In *Barber v. Scott*, 99 Iowa 667, we considered a case where a cause of action was dropped from the judge's calendar for want of prosecution, and subsequently the trial court refused to reinstate the case. In that action, testimony was taken to show the facts surrounding the order of the court dropping the case from the calendar. We said:

''Just the legal effect of dropping a case from the judge's calendar is not understood. It does not necessarily mean a dismissal of the cause, and it may be doubted if such a conclusion should follow, except where there are other facts to indicate such a purpose. Upon the application to reinstate this cause, an issue of fact is made and tried as to the purpose in dropping the case.''

We affirmed the lower court upon the record as to the facts established.

In *Highberger v. Thompson,* 200 Iowa 580, we considered a case where a temporary injunction had been issued in a certain action, and thereafter the case did not appear on the district court calendar. The reason for such non-appearance was

not disclosed by the record, and no order or entry was made by the trial judge in this particular. We said:

"The dropping of the cause from the calendar, even under order of court, does not necessarily mean its dismissal. There must be facts which disclose the purpose, to warrant the conclusion that a dismissal was intended."

As bearing on the question, see, also, *Hart v. Chatterton,* 216 Mass. 90 (102 N. E. 929).

The record in the instant case fails to show that it was intended that the order dropping the cause from the calendar should be regarded as a dismissal of the action. In fact, the contrary appears; for the order expressly provided for the filing of a motion to reinstate the cause. There was no showing whatever that a dismissal was intended by the order that was entered. Construing the order according to its terms, it did not amount to a final dismissal of the cause. The order of the respondent in reinstating the case and placing it upon the calendar was, therefore, not without jurisdiction, and the respondent did not act illegally in making said order.

The writ of certiorari is, therefore, dismissed and the order of the district court is affirmed.—*Writ dismissed and order affirmed.*

ALBERT, C. J., and EVANS, DE GRAFF, KINDIG, and GRIMM, JJ., concur.