## Plummer *v.* Harbut *et al.*

Where in an action of trespass for breaking the plaintiff's close, and taking and carrying away a quantity of wine, brandy and whisky, with the vessels containing the same, the defendants pleaded not guilty, and also specially that defendant S. was a justice of the peace of L. county; that three persons, residents of said county, made written information before S. that they had reason to believe, and did believe, that plaintiff kept, and had in his possession, intoxicating liquors, to-wit: wine, whisky and brandy, kept by him for sale, contrary to law, and asking that a warrant of search might be issued; that in pursuance of said information, said justice issued a warrant of

search, directed as required by law, commanding the officer receiving the same, to search the premises of plaintiff, and seize all liquors, to-wit: wine, whisky and brandy, and to keep the same until final action thereon; that said warrant was placed in the hands of defendant H., a constable of said county, to be executed; that in pursuance of the command of said writ, the said constable went to the premises of plaintiff, to search for and seize the said liquors, and having found them, he commanded the other named defendants, to assist him in the execution of the warrant, whereupon the said defendants, with the said constable, took and carried away the liquors; that such proceedings were afterwards had, that in the court of said S., as justice of the peace, at a trial there had, in a cause wherein the State of Iowa was plaintiff, and the said plaintiff in this action, was defendant, it was adjudged by the said justice, upon the verdict of a jury, that the liquors so seized, were kept by the said plaintiff, for the purpose of being sold in violation of law; and the said liquors, with the vessels containing the same, were forfeited; that in accordance with said judgment, an order was issued by said justice to said constable, commanding him to destroy the said liquors and vessels, and the same were by him destroyed accordingly, &c., on which plea issue was joined; and where on the trial of the cause, the defendants offered in evidence, the information, search warrant and a transcript of the proceedings in the cause from the docket of the justice, to which the plaintiff objected; *Held*, That the evidence was properly admitted.

Where in an action of trespass, for taking certain intoxicating liquors, the defendants alleged the liquors to have been forfeited under legal proceedings, under the act for the suppression of intemperance, approved January 22, 1855, and the plaintiff asked the court to instruct the jury, as follows: "That if they believe, from the evidence, that said liquors were taken by defendants, under the direction of the justice of the peace, without authority of law, then the defendants are guilty of a trespass, and the plaintiff is entitled to recover the value of the liquors so taken, and such other damages as they believe, from the evidence, he has sustained," which instruction the court refused to give; *Held*, That the instruction was properly refused.

A party seeking to recover damages, for the seizure and destruction of intoxicating liquors, must show that he possessed them with a lawful intent, and that he has been deprived of them unlawfully, before he can recover their value.

Where in an action of trespass, for taking certain intoxicating liquors, which had been adjudged to be forfeited under the act for the suppression of intemperance, in a judicial proceeding, to which the plaintiff was a party, the court instructed the jury as follows: "That the plaintiff could not recover the value of the liquors taken; and if the defendants acted in good faith, believing their doings to be authorized, the plaintiff is entitled to recover only nominal damages;" *Held*, That the instruction was correct.

Where a ministerial officer acts in good faith, he is not liable to exemplary damages for any injury done. He is bound only to make compensation for actual loss.

*Appeal from the Linn District Court.*

THURSDAY, DECEMBER 10.

This was an action against Harbut and six others, to recover damages for breaking the plaintiff's close, and taking and carrying away goods and chattels, to-wit: a quantity of wine, brandy and whisky, with the vessels containing the same, of the alleged value of six hundred dollars. Damages laid at eight hundred dollars.

All the defendants pleaded not guilty. The defendants Harbut, Shanklin, Sweet, West, Tyson and Hutchinson, pleaded especially also, the following facts: That defendant Shanklin was a justice of the peace of Linn county, and that three persons, residents of said county, made written information before him, that they had reason to believe, and did believe, that plaintiff kept, and had in his possession, intoxicating liquors, to-wit: whisky, wine and brandy, kept by him for sale, contrary to law, and asking that a warrant of search might be issued; that in pursuance of said information, said justice issued a warrant of search, directed as required by law, commanding the officer receiving the same, to search the premises of plaintiff, and to seize all liquors, whisky, wine and brandy, and to keep the same until final action had thereon; that the warrant was placed in the hands of defendant Harbut, a constable of said Linn county, to be executed, and in pursuance of the command of the writ, the constable went to the premises of plaintiff, to search for and seize the said liquors, as he might lawfully do; that having found the same, he commanded the other named defendants, to assist him in the execution of the warrant; whereupon they, the said defendants, with the said constable, took and carried away the liquors; that such proceedings were afterwards had, that in the court of said

Shanklin, as justice of the peace, at a trial there had, in a cause wherein the State of Iowa was plaintiff, and the said John W. Plummer, (the present plaintiff,) was defendant, it was adjudged by the said justice, upon the verdict of a jury, that the liquors so seized, were kept by said plaintiff for the purpose of being sold, in violation of law, and that the same, with the vessels containing the same, were forfeited; that, in accordance with said judgment, an order was issued by said justice to said constable, commanding him to destroy the said liquors and vessels; that the same were by him destroyed accordingly, as he lawfully might do; and that the said liquors and vessels so destroyed, are the same mentioned in plaintiff's petition, and the acts of said defendants, are the said supposed trespasses of which plaintiff has complained against them.

A demurrer to the special plea of justification, was overruled by the court, and the plaintiff thereupon replied to the same, denying the allegations contained therein, and issues were joined, to be tried by a jury. On the trial, the plaintiff excepted to the ruling of the court, in suffering defendants to give in evidence to the jury, the information filed before the justice (referred to in defendants' special plea), the search warrant issued by him, and a transcript of the proceedings in the cause from the docket of the justice; and also to the refusal of the court to charge the jury as requested by plaintiff. The jury found the defendant Hammer, not guilty. They found the other defendants guilty, and assessed the plaintiff's damages at twenty-five cents, for which judgment was rendered. The plaintiff appeals. The instructions will be found in the opinion of the court.

*I. M. Preston*, for the appellant.

*Cook & Thompson*, for the appellees.

STOCKTON, J.—We think there was no error in the ru-

ling of the court, in suffering the defendants to give in evidence to the jury, the information and search warrant, and the record of proceedings had before the justice on the return of the writ. The plaintiff had taken issue on the facts alleged in the answer, as to filing of the affidavit, the issuing of the warrant, and the seizure by the constable, and upon the averment of their sufficiency, as furnishing lawful authority for the acts of defendants. So far as the facts were in issue, the evidence was entirely competent to prove them; and we are not of the opinion that the information and warrant were so informal and insufficient as to furnish no authority for defendant's acts, or to render them liable as persons acting without authority.

The court was asked by plaintiff to instruct the jury: "That if they believe from the evidence, that said liquors were taken by defendants, under direction of said Shanklin, without legal authority, then the defendants are guilty of a trespass, and the plaintiff is entitled to recover the value of the liquors so taken, and such other damages as they believe, from the evidence, he has sustained." This instruction the court refused to give, and charged the jury, "that the plaintiff could not recover the value of the liquors taken; and if the defendants acted in good faith, believing their doings to be authorized, the plaintiff is entitled to recover only nominal damages." The refusal of the court to give the instruction asked, and the charge given by the court, are assigned for error.

It was not the duty of the court to give the instruction in the shape in which it was asked. The "act for the suppression of intemperance," (session acts 1855, ch. 45, sec. 15, 69), provides that "no action shall be maintained for the recovery or possession of any intoxicating liquor, or the value thereof, except in cases where persons owning or possessing such liquor, with lawful intent, may have been illegally deprived of the same. The present, though not technically an action for the recovery, or possession, or value of the liquors, is brought to recover their value, in an action of trespass, for damages sustained by their alleged

Plummer v. Harbut et al.

illegal capture and destruction. A party plaintiff cannot, by changing the name of the action, change the rights and obligations of the parties. If the liquors seized and destroyed, were not to be regarded as property in the eye of the law, the plaintiff will not be entitled to recover as for their value, in any action. Unless the plaintiff shows that he possessed them with lawful intent, and has been unlawfully deprived of them, he cannot recover their value, in the shape of damages against defendants. As the transcript of the proceedings before the justice, shows that the liquors had been, in a judicial proceeding against the plaintiff, adjudged to be forfeited, as having been kept by him for sale, in violation of law, they were not to be regarded as property, and the instruction asked was properly refused.

The court, however, charged the jury that, "the plaintiff could not recover the value of the liquors taken; and, if the defendants acted in good faith, believing their doings to be authorized, the plaintiff is entitled to recover only nominal damages." We have some doubt whether the first part of this charge, is not clothed in language too strong and unqualified. It was no part of the duty of the court to give to the jury an absolute charge that "the plaintiff could not recover the value of the liquors taken." The right of the plaintiff to recover, was dependent on certain facts, to be ascertained by the jury, and not by the court. If the instruction is to be understood in the sense of the court having undertaken to ascertain these facts, it must clearly be deemed erroneous.

We are not disposed, however, to regard it in this light, but rather to view it in connection with the whole of the evidence in the cause, and with certain facts found in the record, concerning which there was no question raised. These liquors had been adjudged to be forfeited, in a judicial proceeding, in which the plaintiff was a party, duly notified, and after a full trial of the issue joined by him before a jury. It is with reference to this conceded state of facts, that the court must be understood as saying to the

Plummer v. Harbut et al.

jury, "the liquors having been forfeited, the plaintiff cannot recover their value." If the action had been brought for the recovery, or possession, or value of the liquors, the plaintiff would not have been entitled to a verdict. As the present is an action for damages for the alleged trespass, in entering plaintiff's close, and taking and destroying the liquors,—and as it does not appear that they were taken from plaintiff's dwelling house, and no circumstances of aggravation are shown, the rule of damages, so far as regards the liquors, is the same as in an action of trover, where the value of the property taken, with interest, furnishes the measure of damages.

Upon the question of the damages sustained by plaintiff, from the alleged breaking and entering his close, we are not prepared to hold the instruction of the court erroneous. The gravamen of the plaintiff's cause, was as to his right to recover for the value of his liquors. The breaking and entry make no figure in the cause, and are apparently alleged in the way of aggravation to the other grievances complained of. Where a ministerial officer acts in good faith, he is not liable to exemplary damages for an injury done. He is bound only to make compensation for actual loss. For the liquors taken, we have seen, the plaintiff was not entitled to recover anything, as his loss was to be measured by the value fixed by the law upon the liquors owned and kept for sale, contrary to law. If defendants, in executing the process, acted in good faith, and in their entry upon plaintiff's premises, were guilty of no oppression, and made no disturbance, further than was necessary in making the seizure, the trespass, even if without authority, was nominal only, and nominal damages must limit the extent of his recovery. We remark that there is nothing in the case, to show that the entry was attended with any circumstances of aggravation. And, as we think, in the light in which we have viewed the instructions of the court, that they were as favorable to the plaintiff as the law required, the judgment will be affirmed.

Judgment affirmed.