## LOAN v. ETZEL.

1. **Intoxicating Liquors:** UNLAWFUL SALE OF: LIEN UPON BUILDING AS AFFECTED BY OWNER'S KNOWLEDGE. In order to the establishment of a lien upon the building in which intoxicating liquors are unlawfully sold, under § 1558 of the Code, the consent of the owner to the unlawful sales need not be shown by any positive and affirmative act, but may be inferred from circumstances, and from knowledge of the illegal sales under such conditions as properly to call forth a protest, and a failure to make any objection. See *Putney v. O'Brien*, 53 Iowa, 117.

*Appeal from Iowa District Court.*

TUESDAY, DECEMBER 11.

THE plaintiff commenced an action to recover of one Peter

Hiney damages for the alleged unlawful sale of intoxicating liquors to Henry Loan, the plaintiff's husband. In an amendment to the petition, the plaintiff alleged that Peter Hiney used and occupied certain premises described, owned by the defendant, Etzel, and others, for the purpose of selling intoxicating liquors therein, with the consent and knowledge of the owners, and sold on said premises intoxicating liquors to said Henry Loan. The plaintiff prays that the judgment recovered against Peter Hiney may be declared a lien upon said premises. On the 7th day of April, 1877, judgment was rendered against Peter Hiney for $600 and costs, and the cause was continued as to Anna Etzel. Subsequently, by agreement of parties, the cause as to Anna Etzel was referred to Hon. L. B. Patterson, to report the evidence and conclusions of law and fact. Upon the report of the referee, judgment was rendered against the plaintff for costs. The plaintiff appeals.

*Milton Remley* and *A. E. Swisher*, for appellant.

*H. F. Bonorden*, for appellee.

DAY, CH. J.—The referee reported his findings of facts and conclusions of law as follows:

"1st. I find that Anna Etzel, the defendant, was the part owner of the premises described in the plaintiff's petition, to-wit: Thirty feet off the south end of the north half of lot No. 5, in block No. 65, in Iowa City, Johnson county, Iowa.

"2d. That said property was rented by the said Anna Etzel sometime in 1873 to Peter Hiney, to keep a saloon therein, which was kept therein for three or four years, and that said Etzel had knowledge that there were illegal sales of liquor made therein during said lease.

"3d. That during said time the said Peter Hiney sold and permitted to be sold on said premises intoxicating liquors,

in violation of the law, to divers persons, and to one Henry Loan during his lifetime.

"4th.   The plaintiff, Mary J. Loan, as widow of Henry Loan, commenced suit against Peter Hiney on the 1st day of September, 1876, claiming damage for such illegal sale to her husband.   That, at the same term of court, the defendant, Anna Etzel, with divers others, were made defendants, but afterwards proceedings were discontinued as to all the other defendants.   On the 7th day of April, 1877, judgment was rendered against Peter Hiney for the sum of $600, with six per cent interest and costs, and the interest of Anna Etzel in the above described premises was held subject to said judgment.

"5th.   I find that the defendant, Anna Etzel, did not affirmatively consent to the illegal sales made by the said Peter Hiney, while he was occupying the premises of the defendant.   I therefore find as a conclusion of law that the interest of the defendant, Anna Etzel, in the real estate above described, is not liable to the lien as claimed by the plaintiff, subjecting the same to the judgment recovered by the plaintiff against Peter Hiney for the sum of $600, as above described."

It will be observed that the referee makes no finding as to whether Anna Etzel had actual knowledge of the illegal sales to Henry Loan, upon which the judgment was rendered. Upon this branch of the case there is a conflict of evidence, although it preponderates very strongly in favor of the conclusion that she had such knowledge.   Still, if the referee had found from the evidence that she had not such knowledge, we might feel ourselves precluded from going behind his finding upon a question of fact.   But the referee has based his legal conclusion upon a finding that Anna Etzel did not *affirmatively* consent to the illegal sales made by Peter Hiney.   The referee seems to have been of opinion that, in order to the establishment of a lien upon the building in which intoxicating liquors are unlawfully sold, the

owner must, by some positive act, indicate his assent to the unlawful sale. This is evident from the following language employed by the referee in assigning reasons for his conclusion: "This assent must be indicated in such a clear manner that a court would have no hesitation in finding that he was a *particeps criminis*. There should, at all events, be something done by the defendant, indicating an affirmative acquiescence in the commission of the wrong." The referee cites and relies upon *State v. Abrahams*, 6 Iowa, 117, and *State v. Ballingall*, 42 Id., 87. The former of these cases was a criminal prosecution for knowingly permitting a lessee of a house to use it as a place of resort for purposes of prostitution and lewdness; and the latter case was a criminal prosecution for keeping a room in which defendant kept intoxicating liquors for sale in violation of law. The rule of these cases is not applicable to the case at bar. Section 1558 of the Code provides: For all fines and costs assessed or judgments rendered against any person for any violation of the provisions of this chapter, the premises and property, personal or real, occupied and used for that purpose, with the consent and knowledge of the owner thereof, or his agent, by the person manufacturing or selling intoxicating liquors contrary to the provisions of this chapter, shall be liable. The consent of the owner need not be shown by any positive or affirmative act, but may be inferred from circumstances, and from knowledge of the illegal sales under such conditions as properly to call forth a protest, and a failure to make any objection. For circumstances under which the assent of the owner was implied, see *Putney v. O'Brien*, 53 Iowa, 117. The referee erred in his view of the law as to what was necessary to constitute consent; and, in affirming the referee's report and rendering judgment thereon, the court also erred.

REVERSED.