## JUDGE v. O'CONNOR.

1. **Intoxicating Liquors** : UNLAWFUL SALES : LIABILITY OF PROP-ERTY-OWNERS : KNOWLEDGE AND CONSENT. *Judge v. Flournoy, ante,* p. 164, followed. See head-note to that case, and cases distinguished in the opinion in this case.

2. ———— : ———— : ———— : KNOWLEDGE OF PARTICULAR SALE. Property used for the unlawful sale of intoxicating liquors is liable for fines, costs and judgments assessed or rendered for violations of the prohibitory liquor laws, which occur after the owner is chargeable with knowledge that his property is being used for the prohibited purpose; and it is not necessary to show that he had knowledge of the special sale or sales on which the judgment sought to be enforced is based.

*Appeal from Clinton District Court.*—HON. C. M. WATERMAN, Judge.

FILED, MARCH 10, 1888.

PLAINTIFF seeks to recover for injury to her means of support, caused by the alleged sale of intoxicating liquors to her husband contrary to law. The action was brought against one Jordan, who is charged with having sold the liquor, and against Patrick O'Connor, as the owner of the premises on which the sale was made. O'Connor demurred to the petition. His demurrer was sustained, and judgment rendered in his favor for costs. Plaintiff appeals.

*J. S. Darling*, for appellant.

*Ellis & McCoy*, for appellee.

ROBINSON, J.—The petition alleges that Jordan carried on the business of keeping with intent to sell, and selling, intoxicating liquors as a beverage, contrary to law, in a saloon situated on a lot described in the city of Lyons ; that said business has been carried on for the last three years, with the knowledge of O'Connor ; that O'Connor is the owner of the property ; that on the second day of January, 1887, Jordan caused the intoxication of the husband of plaintiff by selling to him in said saloon intoxicating liquor; that such sale was contrary to law ; that in consequence of such intoxication said husband fell, and lay for a long time in the street, and was badly frozen ; that, as a result of such freezing, one of the legs of the husband was amputated, and he was permanently disabled, and is wholly unable to perform any labor ; that, in consequence of the said unlawful act of Jordan, the plaintiff is wholly deprived of her means of support. She demands judgment against Jordan, and asks that it be made a lien on the saloon premises.

I. O'Connor demurred to the petition on the ground that it "fails to state that he consented to the unlawful business aforesaid, and consented to the sale in the petition complained of." Was it necessary for plaintiff, in making a *prima-facie* case as against the property, to show, and, therefore, to allege, that O'Connor not only knew that the business carried on in it was unlawful, but also that he had consented to it? Section three, chapter forty-seven, Acts 1862, provided that for judgments rendered against any person for violation of the laws of the state relating to the suppression of intemperance, the property "used for that purpose with the consent or knowledge of the owner thereof, or his agent," should be liable. The case of *Polk County v. Hierb*, 37 Iowa, 364, arose under that

1. INTOXICATING liquors : unlawful sales : liability of property-owners : knowledge and consent.

section, and the language of the opinion in that case gives color to the claim of appellant that it was then sufficient to show either knowledge or consent of the property-owner. The provisions of the section we have considered were incorporated in section 1558 of the Code. But that section as printed authorized a lien on the premises only when they had been used for the unlawful purpose with the "consent *and* knowledge" of the owner. *Cobleigh v. McBride*, 45 Iowa, 116; *Meyers v. Kirt*, 57 Iowa, 421, and 64 Iowa, 27; *Loan v. Etzel* 62 Iowa, 429. The question now under consideration arises under section 1558 of the Code, as amended by section twelve, chapter sixty-six, Acts Twenty-first General Assembly. Its language, so far as is material to this inquiry, is as follows: "For all fines and costs assessed, or judgments rendered, of any kind, against any person, for any violation of the provisions of this chapter, or costs paid by the county on account of such violations, the personal and real property, except the homestead and the personal property of such person which is exempt from execution, as well as the premises and property, personal or real, occupied and used for the purpose, with the knowledge of the owner thereof or his agent, by the person manufacturing or selling, or keeping with intent to sell, intoxicating liquors contrary to law, shall be liable; and all such fines, costs and judgments shall be a lien on such real estate until paid; * * * and evidence of the general reputation of the place shall be admissible on the question of knowledge, and written notice given him or his agent by any citizen of the county shall be sufficient to charge the owner with knowledge under the provisions of this section." It is evident that the amendment of 1886 made a radical change in the law. It is no longer necessary to show consent of the owner to the unlawful use of his property before it can be made liable. It is sufficient for plaintiff, in order to make out a *prima-facie* case for holding the property liable, to show that the unlawful use was with the knowledge of the owner. If, notwithstanding that fact, the property is not liable, the

Shively v. The Cedar Rapids, I. F. & N. W. Ry. Co.

burden of showing it is on the owner. As having some relevancy to this case, see *Drake v. Kingsbaker*, 72 Iowa, 441. As being a case in point, see *Judge v. Flournoy*, *ante*, p. 164.

II. Is it necessary to show that the owner had knowledge of the illegal sale which caused the injury in question, before his property can be made liable? We think it is not. Under the provisions of section 1558 of the Code, as amended, the knowledge to which the owner is entitled may be shown by proving the general reputation of the place, or by proving that a written notice by any citizen of the county was given to him or his agent. But the property cannot be made liable for an illegal sale of which the owner had neither actual nor constructive knowledge until after it was made. We think it was the legislative intent to make the property liable for fines, costs and judgments assessed or rendered for violations of the laws in question, which occur after the owner is chargeable with knowledge that his property is being used for the prohibited purpose. In our opinion the court erred in sustaining the demurrer.

REVERSED.