STATE OF IOWA v. MAJOR COBB AND CERTAIN INTOXICATING LIQUORS, Appellant.

Intoxicating Liquor: KEEPING FOR SALE: CONDEMNATION: FORMER ACQUITTAL: ADJUDICATION. An acquittal in a prosecution under Code section 2382 for keeping or being concerned in keeping intoxicating liquor for sale in violation of law is an adjudication that the same was not kept for unlawful sale, and is a bar to proceedings to condemn the liquor under Code sections 2413 and 2415.

*Appeal from Monroe District Court.*—HON. ROBT. SLOAN, Judge.

FRIDAY, APRIL 15, 1904.

SUIT to condemn intoxicating liquors. There was a trial to a jury, and a verdict and judgment for the state. The defendant appeals.—*Reversed.*

*Mitchell, Tomlinson & Price* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the state.

SHERWIN, J.—The intoxicating liquors in question were found in the dwelling house of the defendant, Cobb, and were seized and taken therefrom by virtue of a search warrant issued upon an information filed before a justice of the peace, as provided in section 2413 of the Code. At the time the search warrant was issued the same justice issued a warrant for the arrest of the defendant Cobb, under section 2382 of the Code. These warrants were issued and placed in the hands of a constable for service, and were served on the 13th day of June, 1902. The information against the defendant personally charged that on or about the 12th day of June, 1902, he wrongfully kept intoxicating liquors for sale in violation of law. He was tried on this charge, acquitted by the

jury, and discharged on the 14th day of June. The informa-
tion in the present case charged that the. liquors were owned
and kept by the defendant, Major Cobb, and were intended
by him to be sold in violation of law. After notice of the
search and seizure, the defendant appeared and answered,
claiming the property seized. He also pleaded an acquittal
of the charge made against him personally. The liquors were
tried and condemned by the justice, and upon an appeal to
the district court the same result obtained.

The one question before us is whether the acquittal
pleaded was an adjudication of the issue in the case and a bar
to further proceedings. We think it was. Section 2382 of
the Code provides that "no one by himself, clerk, servant,
employe or agent, shall, for himself or any person else, direct-
ly or indirectly * * * sell * * * or keep for sale,
* * * or own, keep, or be in any way concerned, engaged
or employed in receiving or keeping any intoxicating liquors
with intent to violate any of the provisions of this chapter,
or authorize or permit the same to be done." This section of
the statute is very comprehensive. It was intended to, and
undoubtedly does, provide against every possible scheme
that may be devised for the purpose of evading its provisions
prohibiting the unlawful sale of intoxicating liquors; and an
information filed thereunder would permit the introduction
of evidence showing that a person was keeping, or in pos-
session of, liquor which he intended for unlawful sale, either
by himself or another, and proof of such fact would warrant
a conviction. Section 2413 provides for search and seizure
upon information that intoxicating liquor is owned or kept
in any place by any person, and intended by him to be sold
in violation of law. Section 2415 provides for the procedure
when liquor has been thus seized, and says that any person
claiming the liquor may appear and show cause why it should
not be forfeited, and, further, if such person appear, and
"shall make written plea that said liquor * * * was not
owned or kept with intent to be sold" in violation of law, he
may demand a jury to try the issue, and "if upon the evi-

dence presented the said justice or jury   *   *   *   shall by verdict find that said liquor was, when seized, owned or kept by any person whether said party defendant or not, for the purpose of being sold in violation of this chapter," it shall be forfeited.

It is at once apparent that the fact that liquor is kept with intent that it be sold in violation of law is the ground for its forfeiture, as it is one of the grounds for a personal charge under section 2382. As we have seen, the information against the defendant, Cobb, charged him with keeping the liquor for unlawful sale, and here it is charged again that it was kept and intended by him to be sold in violation of law. The precise issue was therefore presented in both cases, and, indeed, the district court so found. If, as found by his acquittal on that trial, the liquor was neither kept to be sold by himself nor others in violation of law, it was lawfully kept by him, and an adjudication that such was the case was a bar herein and fixed the status of the liquor. This identical question was considered by the Supreme Court of the United States, in the case of *Coffey v. United States,* 116 U. S. 436 (6 Sup. Ct. Rep. 437, 29 L. Ed. 684). Coffey was a distiller, and was proceeded against for defrauding the United States, and his stills and other distillery apparatus were seized. The statute provides for the forfeiture of the property, and for a criminal prosecution and punishment. He was first proceeded against criminally and acquitted. Afterwards a proceeding to enforce the forfeiture of the property was instituted, and Coffey pleaded his acquittal as a bar thereto. The court, speaking through Mr. Justice Blatchford, said: "Where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such a person on the subsequent trial of a suit *in rem* by the United States, where, as against him, the existence of the same act or fact is the matter in issue as a cause for the forfeiture of the property prosecuted in such

suit *in rem*. It is urged as a reason for not allowing such effect to the judgment that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt, and that on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States in the suit *in rem*. Nevertheless, the fact or act has been put in issue, and determined against the United States, and all that is imposed by the statute as a consequence of guilt is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it." The conclusion reached in the *Coffey Case* was in accord with principles announced in *Gelston v. Hoyt*, 3 Wheat., 246 (4 L. Ed. 381). The same principle was announced by this court in the *State of Iowa v. Meek*, 112 Iowa, 338; *State v. Mikesell*, 70 Iowa, 176. And see, also, *Plummer v. Harbut et al.*, 5 Iowa, 308; *Cooper v. Commonwealth of Kentucky*, 21 Ky., 546 (51 S. W. Rep. 789, 45 L. R. A. 216); *United States v. Butler* (D. C.) 38 Fed. Law Rep. 498. In *Sanders v. State*, 2 Iowa, 230, we held that a personal conviction was not a bar to the destruction of liquor, and this has been the general holding, so far as we are advised. But in all such cases the conviction is an adjudication in effect that the liquor should be forfeited, and the principle announced is in no way antagonistic to the holding here. In *State v. Miller*, 48 Me., 576, relied upon by the state, the question here presented was not in the case, and the language of the opinion relied upon was dictum. Furthermore, there were convictions in that case, instead of acquittals. Nor was the question raised in *State v. McCann*, 61 Me., 116, nor in *State v. Stutz*, 20 Iowa, 488.

We reach the conclusion that the learned district judge erred in not admitting the record of the defendant's acquittal. The judgment is therefore REVERSED.