STATE OF IOWA, Appellee, v. CHARLES T. KNAPP et al.,
Appellants.

ACTIONS: Dismissal and Nonsuit—Belated Filing of Petition—
1 Waiver. Failure to file petition at time stated in the original notice entitles defendant to a dismissal.

APPEARANCE:    Special   Appearance—Answering   Over—Effect.
2 Error in improperly overruling a motion to dismiss, made on *special* appearance, is waived by answering over and going to trial on the merits.

INTOXICATING LIQUORS: Nuisance—Action to Abate—Pending
3 Search Warrant Proceeding—Abatement Plea. Search warrant proceedings against certain alleged intoxicating liquors, pending on appeal in the district court after partial condemnation by the justice court, may not be pleaded in abatement of an action to enjoin a liquor nuisance on the premises on which the liquors were seized, even though the search warrant proceedings are prior in point of time.

INTOXICATING LIQUORS: Nuisance—Action to Abate—Evidence.
4 Evidence reviewed and held sufficient to support an order of abatement of an intoxicating liquor nuisance.

INTOXICATING LIQUORS: Nuisance—Action to Abate—Belated
5 Repentance. Defendant's plea of voluntary abatement of a nuisance may be disregarded when, in view of the belated repentance, the court feels that an order of abatement will be conducive to defendant's good conduct.

INTOXICATING LIQUORS: Nuisance—Action to Abate—Costs.
6 Improper to tax costs to a defendant, in an action to enjoin an intoxicating liquor nuisance, who is not shown to have had knowledge of the illegal use of the property.

INTOXICATING LIQUORS: Nuisance—Action to Abate—Knowl-
7 edge of Owner. An order of abatement of an intoxicating liquor

nuisance, and for the closing of the building, is proper, though the owner of the premises had no knowledge of the illegal use to which the building was being put.

*Appeal from Cherokee District Court.*—W. H. BOIES, Judge.

THURSDAY, JUNE 29, 1916.

REHEARING DENIED SATURDAY, SEPTEMBER 30, 1916.

SUIT in equity to enjoin a liquor nuisance. Decree for plaintiff, and defendants appeal.—*Modified* and *Affirmed*.

*William Mulvaney*, for appellants.

*George Cosson*, Attorney General, for appellee.

DEEMER, J.—Defendant Knapp was the proprietor of a bowling alley in the city of Cherokee, and his co-defendant was the owner of the building in which the alley was conducted. It is claimed that Knapp, in his said place of business, kept for sale and sold intoxicating liquors, contrary to law. The owner was made a party, and she is charged with having had knowledge, at all times, of the matters complained of. After a trial on the merits, the court found the place to be a nuisance, for that intoxicating liquors were sold and kept for sale therein, and a decree was entered, abating the nuisance, ordering the building closed for the period of one year, and taxing the costs, as well as an attorney's fee, to the defendants.

I. The original notice stated that the petition would be on file on or before December 17, 1913. As a matter of fact, it was not filed until the 18th day of that month. Defendants appeared specially, and asked that the

1. ACTIONS: dismissal and nonsuit: belated filing of petition: waiver.

action be dismissed, for the reason that the petition was not filed in time. This motion was submitted and overruled on December 23, 1913, and, on the same day, the defendants filed a joint answer. Thereafter, and on January 6, 1914, they filed an

amended and substituted answer. On the issues joined, the case went to trial to the court, resulting in the decree hitherto stated. The motion to dismiss, treated as a motion to discontinue, should have been sustained. Code, Section 3515.

Defendants did not stand on their motion, however, but proceeded to answer the petition, and went to trial without further objection to the failure to file the petition in

2. APPEARANCE: special appearance: answering over: effect.

time. In so doing, they waived the error in the ruling, and cannot now be heard thereon. *Paddleford v. Cook,* 74 Iowa 433.

II. Defendants pleaded, in abatement of the suit, a prior action, pending and undisposed of. This consisted of a search warrant, sued out by the sheriff of the county, against

3. INTOXICATING LIQUORS: nuisance: action to abate: pending search warrant proceeding: abatement plea.

the premises in which the alleged nuisance was conducted, the taking of certain liquors therefrom, consisting of cider, grape juice, and a drink known as Security Brew. Notice of the proceeding was given defendant

Knapp, and he appeared before the justice issuing the warrant, claiming that he was the owner of the property taken, and that none of it was intoxicating in character. Upon trial to a jury before the justice, the cider and the Security Brew were found to be intoxicating liquor, and the grape juice was not, and an order was entered for the destruction of the liquor found to be intoxicating in character. Defendant appealed to the district court, and his appeal was there pending when this case was tried. The case before the justice was not tried until the day the petition in this case was filed. When the case came on for trial in the district court, defendants moved to dismiss, upon the grounds that this search warrant proceeding, being prior in point of time, and involving the same issues as the one now on trial, should abate the present suit. This motion was overruled, and the defendants assign error on the ruling. The question here presented is, whether the pendency of a search warrant proceeding, in which liquors claimed to be intoxicating have

been taken from certain premises, may be pleaded in abatement of an action, subsequently commenced, to have the premises declared to be a nuisance, and to abate the said nuisance. Authorities are cited in support of the propositions, but none of them seem to be in point. Code Section 5613, relied upon by appellant, has no bearing on the propositions. *State v. Cobb,* 123 Iowa 626, simply holds that an acquittal by a justice of one charged with the sale of intoxicating liquors in a certain building, is a bar to a search warrant proceeding instituted at the same time, in which liquors found in the same building were seized, under an information to the effect that the said liquors were therein kept for sale, in violation of law.

This is quite a different proposition from the one now under consideration. The one we have here is this: Should an order for the destruction of the liquors, made by a justice, and the appeal of that proceeding to the district court, be held to abate an action brought in equity to have the premises declared to be a nuisance, because of the sale, or the keeping therein for sale, of intoxicating liquor, contrary to law? We think this question is answered by *Sanders v. State,* 2 Iowa 230, wherein it is held that a personal conviction for the crime of selling liquor, is not a bar to the destruction of the liquors under a search warrant. Moreover, the defendants might have been enjoined in this case, because of having kept for sale, or sold, other intoxicating liquors than those taken under the search warrant. Moreover, the action pending was not between the same parties, nor were the issues tendered necessarily the same. This action is a civil one, to enjoin a nuisance, and the search-warrant proceeding was a criminal, or quasi criminal, one; and the general rule is that, because of diversity of parties and objects, the pendency of one cannot be pleaded in abatement of the other. *Barton v. Faherty,* 3 G. Gr. 327. Again, the relief sought in a prior action must, in general, be substantially the same as that sought in the subsequent suit, in

order that the former may be pleaded in abatement. If the relief which may be given, or the remedies available in the second suit, are more extensive than could be obtained in the first, a plea to the second suit of the pendency of the first, is not good. These rules are familiar, and need no fortification by citation of authorities, and, applying them to the facts here shown, there was no error in denying the motion to dismiss.

III. There is testimony to the effect that some of the liquors kept and sold by the defendant Knapp were intoxicating in character; that the cider was hard, and one of the liquors was said to be a brew containing alcohol. The trial court was justified in finding that the place had been and was a liquor nuisance. The record in this case differs in some respects from that in *State v. Knapp*, 177 Iowa 278, in that it is stronger for the State. Again, this is a civil proceeding, while the other case referred to is a criminal one.

4. INTOXICATING LIQUORS: nuisance: action to abate: evidence.

IV. It is also claimed that defendant did not know that the liquor which he was selling was intoxicating in character, and that, as soon as he learned of it, he abandoned the sale thereof, and had voluntarily abated the nuisance before the commencement of this suit. The trial court was justified in finding that defendant's repentance was too late, and that, in any event, it would be safer to have a decree and order of abatement, to insure complete repentance.

5. INTOXICATING LIQUORS: nuisance: action to abate: belated repentance.

V. The court also taxed all the costs, including an attorney's fee, to both defendants. This was error, as to the defendant Cleary. There was no testimony that she had any knowledge of her co-defendant's illegal use of the property, and, without this knowledge, it was improper to tax the costs to her. *Morgan v. Koestner*, 83 Iowa 134; *Drake v. Kingsbaker*, 72 Iowa 441.

6. INTOXICATING LIQUORS: nuisance: action to abate: costs.

The order of abatement and for the closing of the build-

ing was proper, however, although the owner had no notice or knowledge of the illegal sales. *Morgan v. Koestner*, supra;

7. INTOXICATING LIQUORS: nuisance: action to abate: knowledge of owner.

Code Sections 2384 and 2408. The remedy of the owner in such cases is provided in Section 2410 of the Code.

The decree should be modified to the extent of taxing the costs to defendant Knapp alone, and in other respects it is affirmed.—*Modified* and *Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.