STATE OF IOWA ex rel. VERNON R. SEEBURGER, Appellee, v. MARK JONES et al., Appellees; FISHER H. COHEN, Appellant.

**INTOXICATING LIQUORS:** Nuisance—Non-good-faith Abatement. An
1  owner of property may not escape injunction and the assessment of a mulct tax when from the attending circumstances he must have known that his property was being used for the unlawful sale, etc., of intoxicating liquors.

**CONSTITUTIONAL LAW:** Federal Constitution—Applicability. Prin-
2  ciple reaffirmed that certain provisions of the Federal Constitution have no application to the states.

Headnote 1:  33 C. J. p. 696.  Headnote 2:  12 C. J. p. 744; 35 C. J. p. 152.

Headnote 1:  15 R. C. L. 407.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

NOVEMBER 16, 1926.

Suit to enjoin a liquor nuisance and to assess a mulct tax. Decree as prayed. Owner appeals.—*Affirmed.*

*F. T. Van Liew,* for appellant.

*Vernon R. Seeburger,* County Attorney, and *Russell Jordan,* Assistant County Attorney, for appellee.

MORLING, J.—Appellant, Cohen, leased the premises (an upper floor) to defendants Jones. They were raided, and liquor found, on August 14 (102 bottles of beer found), August 25,

1. INTOXICATING LIQUORS: nuisance: non-good-faith abatement.

and September 27, 1924. He ordered the Joneses to move, which they did at once. The Courtneys moved in on the same day. The premises were raided March 27, 1925, May 7, 1925, and May 17, 1925, while the Courtneys were there, and liquor was found on each of these occasions. These were not the only raids. The police officer testifies that they were raided at least 35 times. The Courtneys left on May 20, 1925, on appellant's threat to "throw them out." Appellant had given notice to them to quit,

and had commenced proceedings to evict them.   Appellant claims that he did not know of, acquiesce in, or permit the maintenance of, the nuisance, and that, therefore, the premises are not subject to injunction or to the mulct tax.   There are two buildings between the appellant's residence, where he had lived for a year, and the premises in controversy.   Appellant says he is not acquainted with the people around there; that he goes to work at 7:30 in the morning, and works until 8 at night; that he does not go up there to collect his rent; that he drives past there two or three times a day, with a truck; that no one made any reports to him that the Joneses were selling liquor; that Ghrist talked with him about the Courtney raid, and he did all in his power to get them out.   He says he knew Jones by sight; didn't know the Courtneys.   Ghrist testifies that, when the Joneses were in possession, the officers were upstairs a number of times.   He talked to appellant about it and appellant said "he couldn't rent the place to a Sunday school.   That is about all the satisfaction I got out of him."   Ghrist says that he told appellant about the various liquor raids that were being made while Jones was there and while Courtney was there.   In one raid the door was broken down.   It is in evidence that the reputation of the place in August and September, 1924, as a place where intoxicating liquor was sold and kept illegally, was bad, and that its general moral reputation on March 27, 1925, was bad; that its reputation from March to May, 1925, was bad.   This petition was filed on May 22, 1925.   The place has been relet, but appellant says he made no investigation of Jones, did not know Courtney, and does not "know much about this last man."   A police officer testifies that he "got two samples off" Jones on May 31st; that "from the record, they came from" the premises in controversy. Appellant, Cohen, in argument admits that this was May 31, 1925, "thirteen days after the premises were vacated by the Courtneys, and seven months after the Jones family moved out."

The question is whether Cohen did abate the nuisance in good faith before the action was commenced, or whether what he did was merely a belated effort to avoid the consequences of conniving at the illegal use of his premises. *State v. Knapp,* 178 Iowa 25.   An owner may not willfully close his eyes to the use of his premises as a public nuisance or a place where the law is being violated.  He owes some duty, as a property owner and

a citizen, to the state, which permits him to own, and which protects him and his property. Cohen knew of the raids. Ghrist told him about them. Cohen flippantly passes off Ghrist's evidence with the statement:

"I was just kidding Mr. Ghrist. Of course, we all know there aren't many Sunday schools, except in churches."

Cohen claims to have evicted the Jones family, but, after the Courtneys had moved out, the officers found the Joneses there, with liquor. Cohen made no effort to find out about his tenants; knows nothing about the present owners. The evidence refutes sincerity on his part in his claim to having abated the nuisance in good faith, and refutes his assertions of ignorance of what was going on. The record required the court to enjoin the nuisance and assess the mulct tax. Code of 1924, Sections 2032, 2051, 2053; *Judge v. Kribs,* 71 Iowa 183; *State v. McGraw,* 191 Iowa 1090; *State v. Knapp,* 178 Iowa 25; *Bowers v. Maas,* 154 Iowa 640; *State v. Clark,* 189 Iowa 492; *Smith v. Foster,* 153 Iowa 664; *Tuttle v. Bunting,* 147 Iowa 153; *State v. Ross,* 186 Iowa 802.

Appellant's reliance upon Section 2, Article 3, and Amendments 5, 6, and 7, of the Federal Constitution, is vain, for the manifest reason that they have reference only to powers exercised by the United States, and to proceedings in the Federal courts, and not to those of the states. *Eilenbecker v. District Court,* 134 U. S. 31; cases cited in 35 Corpus Juris 152.

2. CONSTITUTIONAL LAW: Federal Constitution: applicability.

Appellant reiterates arguments against the constitutionality of the statute which have been overruled too many times to require further discussion. *Hodge v. Muscatine County,* 121 Iowa 482, 196 U. S. 276; *Taft Co. v. Alber,* 185 Iowa 1069; *State v. Jordan,* 72 Iowa 377; *Littleton v. Fritz,* 65 Iowa 488. Appellant objects "that the cause is dismissed as to Ghrist for the reason that the nuisance had been abated in good faith prior to the hearing, and defendant Ghrist only holds the legal title, Fisher Cohen (appellant) being the real party in interest." Ghrist owned the property, and sold it to appellant on contract. Ghrist was not the lessor. In equity, he was mortgagee. He was notifying appellant of conditions, in the effort, apparently, to have appellant correct them. The evidence does not warrant a finding that the nuisance has been abated in good faith by appellant,

and it is evident that the court did not intend to hold that it had.

The decree is—*Affirmed.*

EVANS, STEVENS, FAVILLE, VERMILION, and ALBERT, JJ., concur.