STATE OF IOWA ex rel. VERNON R. SEEBURGER, County Attorney, Appellee, v. FRANK CAMPBELL, Appellee, et al., Appellant.

**INTOXICATING LIQUORS:** Mulct Tax—Knowledge of Owner. The
1 assessment of a mulct tax against property which the owner knows, or has reason to know, is being used as an intoxicating liquor nuisance is strictly in accordance with the statute.

**INTOXICATING LIQUORS:** Injunction—Voluntary (?) Abatement—
2 Effect. Injunction may be ordered against the maintenance of an intoxicating liquor nuisance even though, prior to the trial, the defendant voluntarily(?) abates the nuisance. (See Book of Anno., Vol. 1, Sec. 2017, Anno. 26 *et seq.*)

Headnote 1: 33 C. J. p. 700 (Anno.) Headnote 2: 33 C. J. p. 695.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

JULY 1, 1927.

Action for an injunction to abate a liquor nuisance and for assessment of a mulct tax. Decree was granted, as prayed. Defendant Campbell was in default. The defendant Chiesa, who is the owner of the property, alone defended, and he appeals.—*Affirmed.*

*Lehmann, Seevers & Hurlburt*, for appellant.

*Vernon R. Seeburger, Carl S. Missildine*, County Attorney, and *Alexander M. Miller*, Assistant County Attorney, for appellee.

FAVILLE, J.—The appellant owns certain property in the city of Des Moines. The building is occupied by a number of tenants, and used for various purposes. A portion of the build-

1. INTOXICATING LIQUORS: mulct tax: knowledge of owner.

ing, known as No. 806 South Union Street, was occupied by the defendant Campbell, who used the same as a harness shop. The appellant lives across the street from said property, and about 100 feet distant therefrom. On or about the 18th day of February, 1925, police officers of the city of Des Moines raided the property occupied by Campbell, and found intoxicating liquors therein, which Campbell endeavored to dispose of at the time the raid was made. There was sufficient evidence in the case to sustain the decree of the trial court finding that Campbell had been engaged in maintaining a liquor nuisance on said premises. The court assessed a mulct tax against the appellant and the said property, and it is from this portion of the decree that this appeal is prosecuted.

Section 2051, Code of 1924, is as follows:

"When a permanent injunction shall issue against any person for maintaining a nuisance as herein defined or against any owner or agent of the building kept or used for the purposes prohibited by this title, a tax shall be imposed upon said building and upon the ground upon which the same is located, and against the persons maintaining said nuisance and against the owner or agent of said premises, when they knew, or ought in reason to have known, of said nuisance."

Appellant contends that the record in the case fails to show that the appellant knew, or ought in reason to have known, of the maintenance of said nuisance, and that, therefore, the court erred in assessing the mulct tax against him and said property. It appears from the record that Campbell had been a tenant of the property for about a year and a half prior to the raid in February. The appellant had been out of the country for a period of five months in 1924, and returned to

his residence on or about December 15, 1924. He testified that he lived across the street from the premises in question, and that "the search was there every day." It appears that he inquired of the officers in regard to the search of the premises, and was informed that the premises were being used for purposes of bootlegging. An officer testified that, sometime in January or February of 1925, he had a conversation with the appellant in regard to said matter, and that he told him that Campbell was a bootlegger. The evidence shows by several witnesses that Campbell had a reputation as being a person who sold intoxicating liquor, contrary to law, and was known as a bootlegger. The court was warranted, under the record, in finding that a liquor nuisance was maintained on the premises in question by the tenant, Campbell, and also that the appellant, the owner of said premises, knew, or ought in reason to have known, of said nuisance.

The appellant insists, however, that he, in good faith, and promptly after he was informed of the unlawful use of the premises, served notice upon said Campbell, who surrendered

2. INTOXICATING LIQUORS: injunction: voluntary (?) abatement: effect.

possession of the premises, and that by so doing the appellant abated the nuisance prior to the trial of said action, and that the court erred in granting the injunction against the premises and in assessing the mulct tax against the appellant and the said property. The evidence shows that, on or about March 2, 1925, the appellant informed his attorney that police officers had informed him of a "very bad condition of his property on South Union Street," and that he prepared notices to oust certain of appellant's tenants, including Campbell, and that the notices were placed in the hands of the sheriff, and served on March 2, 1925; and it appears that Campbell surrendered possession of said premises shortly thereafter. We have had occasion to discuss the matter of voluntary abatement of a liquor nuisance in recent cases. In *State v. Seipes*, 202 Iowa 1199, we said:

"We have repeatedly said that, where there was a claim of a voluntary abatement of a nuisance shown to have been maintained by the defendant, the issuance of an injunction was discretionary with the court." (Citing cases.)

In said case we also said:

"Where there is doubt as to the defendant's good faith in his claimed repentance and abatement, the injunction should issue 'to assist in removing temptation to return to old habits' and 'to insure complete repentance.'" (Citing cases.)

See, also, *State ex rel. Seeburger v. James,* 202 Iowa 1137; *State ex rel. Seeburger v. Tillotta,* 202 Iowa 1217; *State ex rel. Seeburger v. Riley,* 202 Iowa 1213; *State ex rel. Seeburger v. Jones,* 202 Iowa 640. The case, in its facts, is clearly distinguishable from *State ex rel. Seeburger v. Pickett,* 202 Iowa 1321, relied upon by appellant. The decree of the trial court is, in all respects,—*Affirmed.*

EVANS, C. J., and STEVENS, VERMILION, ALBERT, MORLING, and KINDIG, JJ., concur.