STATE OF IOWA ex rel. VERNON R. SEEBURGER, County Attorney, Appellee, v. CHARLES E. G. JOHNSON, Appellant.

**INTOXICATING LIQUORS:** Injunction—Trial Term Permissive. The
1 provision of the statute (Sec. 2021, Code of 1924) for trial of injunction proceedings at the first term after due service is permissive only—not mandatory.

**INTOXICATING LIQUORS:** Injunction—Voluntary Abatement—Effect.
2 fect. The granting of an injunction, notwithstanding the voluntary abatement of the nuisance prior to trial, will not be disturbed on appeal. (See Book of Anno., Vol. 1, Sec. 2017, Anno. 26 *et seq.*)

**APPEAL AND ERROR:** Review—Nonpresented Constitutional Questions.
3 tions. Constitutional questions not presented in the trial court will not be considered on appeal. (See Book of Anno., Vol. 1, Sec. 12827, Anno. 18 *et seq.*)

Headnote 1:  33 C. J. p. 699 (Anno.)  Headnote 2:  33 C. J. p. 700.
Headnote 3:  3 C. J. p. 710; 12 C. J. p. 786.

Headnote 3:  2 R. C. L. 75.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

JULY 1, 1927.

Action in equity, to enjoin the maintenance of a liquor

nuisance.   Decree as prayed, and the defendant appeals.—
*Affirmed.*

*H. P. Daly* and *Theodore F. Mantz*, for appellant.

*Vernon R. Seeburger, Carl S. Missildine*, County Attorney,
and *Alexander M. Miller*, Assistant County Attorney, for ap-
pellee.

Stevens, J.—I.   The petition in this action, which was
filed January 22, 1925, charges the appellant with keeping and
maintaining a liquor nuisance in a building situated on Lots
5 and 6, Block 11, in the city of Des Moines.
It was proven upon the trial that, on the even-
ing of January 8, 1925, appellant made a sale
of a half pint of alcohol to one Ben Harvey, who purchased and
paid for the same with marked bills furnished by two police
officers.   The purchase of this liquor, which was followed im-
mediately by a search of the premises by the two police officers,
resulted in the seizure of a small quantity of alcohol and the
discovery of one of the marked bills, lying on top of a pile in
the cash register.

1. Intoxicating Liquors: injunction: trial term permissive.

Notice of the commencement of the action was served Jan-
uary 30, 1925, returnable to the March term of the district
court of Polk County.   The answer of the defendant was filed
May 1, 1925, and the cause tried and judgment entered in
June following.

Section 2021 of the Code of 1924 makes actions to enjoin
the maintenance of a liquor nuisance triable at the first term
of court after due and timely service of notice of the commence-
ment of the action.   It is the theory of appellant that this
statute is mandatory, and requires the action to be tried at
such term.   The only purpose and effect of the statute is to
create an exception to the general rule in equity cases, which
are triable at the second term, and to permit the trial thereof
at the first regular term after the service of notice.   The stat-
ute is permissive, and not mandatory.   Jurisdiction to try the
case at a later term was not lost upon the adjournment of the
term to which the notice was returnable.   The court had juris-
diction to try the case at any succeeding term.   *Highberger v.
Thompson*, 200 Iowa 580.

*Tuttle v. Pockert,* 147 Iowa 41, does not sustain the position of appellant, and is in harmony with the foregoing construction of the statute.

II. In addition to a general denial of the allegations of the plaintiff's petition, the defendant pleaded the voluntary abatement of the nuisance prior to the commencement of the action and the trial thereof. Appellant testified that he vacated the premises and moved to Mankato, Minnesota, on or about May 1st. It is contended by appellant that, as the nuisance had been voluntarily and in good faith abated at the time of the trial, decree should not have been entered. It is true that we have, with some qualifications, recognized the rule that an injunction to abate a nuisance will not lie if it was, in fact and in good faith, abated prior to the commencement of the action. It has always been the rule in this state, however, that, in actions to enjoin, and for the abatement of a liquor nuisance, the court exercises a large discretion. It is the duty of the court to determine whether the nuisance has been voluntarily, permanently, and in good faith abated, and whether an injunction should issue. *State ex rel. Seeburger v. Tillotta,* 202 Iowa 1217; *State v. Seipes,* 202 Iowa 1199; *State ex rel. Seeburger v. James,* 202 Iowa 1137.

2. INTOXICATING LIQUORS: injunction: voluntary abatement: effect.

The right to an injunction at the suit of the State to restrain the maintenance of a liquor nuisance and to abate the same is statutory, and is one of the methods provided to prevent and punish violations, of the prohibitory liquor laws. We are not disposed in this case to interfere with the finding of the trial court.

III. An effort is made by counsel to secure consideration by this court of a constitutional question. It is conceded that the question was not raised in the court below, but is presented for the first time upon appeal. The rule is well settled in this state that constitutional questions will be considered upon appeal only when they have been properly raised and presented in the lower court. The assessment, as a part of the judgment, of a mulct tax is mandatory, and this court is without authority to modify such judgment. *State ex rel. Seeburger v. Riley,* 202 Iowa 1213; *State ex rel. Seeburger v. Jones,* 202 Iowa 640.

3. APPEAL AND ERROR: review: nonpresented constitutional questions.

The judgment and decree of the trial court is, accordingly, affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, VERMILION, and KINDIG, JJ., concur.